## ROBERT P. BARNARD

### *v.*

## COMMISSIONERS OF HIGHWAYS OF TOWN OF NOKOMIS.

*Opinion filed April 21, 1898.*

1. HIGHWAYS—*commissioners are liable for injury to adjoining proprietors.* The relations between highway commissioners and adjoining proprietors with reference to drainage are ordinarily the same as between adjacent owners, and if the commissioners, by removing a culvert, cause surface water to flow back and stand upon adjoining premises they are liable in damages to the owner.

2. INJUNCTION—*equity will not enjoin highway commissioners in a doubtful case.* Equity will not enjoin highway commissioners from performing their duties, where the effect of the proposed work is left by the evidence in doubt, so that its consequences must be considered uncertain and conjectural.

*Barnard* v. *Comrs. of Highways*, 71 Ill. App. 187, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. A. W. HOPE, Judge, presiding.

JAMES M. TRUITT, for appellant.

WILLIAM M. TODD, and LANE & COOPER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees were about to remove a small culvert in the public highway under their charge, on the north line of appellant's land, and to fill up the space with dirt, where-upon he filed the bill in this case for an injunction against the proposed action, alleging that the natural course of drainage from the north part of his premises was north-ward across the highway, and that the highway had been ditched and graded up so that the culvert was neces-sary to convey the surface water which collected on his premises, through the road-bed, in such natural course of drainage. The bill was answered with a denial that the surface waters naturally flowed to the north across the highway, or that by removing the culvert and filling up the space any water would be obstructed in its natural course and thrown back upon appellant's land. This ques-tion was contested on a hearing before the master, who reported adversely to appellant, that it did not appear with sufficient certainty and clearness that the proposed work would result in the alleged injury to appellant, and that he had not established such a case by the proofs as would justify the interference of a court of equity. The court overruled exceptions to this report and entered a decree dismissing the bill, which has been affirmed by the Appellate Court.

In order to entitle the complainant to the preventive relief asked for by his bill, he must clearly establish the facts upon which his right depends, and if the effect of the proposed work is left by the evidence in doubt, so that its consequences must be considered uncertain and conjectural, an injunction should not be granted. It must appear that the injuries will be reasonably certain to occur before the court should interfere with or obstruct

highway commissioners in improving the public roads according to their judgment. (*Thornton* v. *Roll*, 118 Ill. 350; *Hotz* v. *Hoyt*, 135 id. 388.) The evidence in this case leaves the question at issue between the parties in the greatest doubt and uncertainty. It appears that the land is very low and level, and that there is but little, if any, drainage at the highway in any direction. For many years complainant had a ditch running south from the culvert, and the adjoining proprietor on the north also had a ditch running north, and there was evidence that water ran in both these ditches from the road. The ditches had been filled up, and after that there was but little, if any, current in either direction. The slightest obstruction with dirt which could be kicked away with the foot was sufficient to stop the current, if there was any. Several witnesses testified that after a heavy storm, when the ditches by the roadside were full, they saw water running northward through or across the highway, while other witnesses, who were present under the same conditions, testified that the water did not flow either way. In such condition of the proof the action of the court in dismissing the bill was proper.

The relations of commissioners of highways to adjoining proprietors with reference to drainage are ordinarily the same as between adjacent land owners. (*Young* v. *Comrs. of Highways*, 134 Ill. 569.) If the defendants, by removing the culvert, cause surface water to flow back and stand upon complainant's premises to his injury, they will be liable to an action for damages. (*Tearney* v. *Smith*, 86 Ill. 391; *Nagle* v. *Wakey*, 161 id. 387.) If they invade his individual right and injure his property by turning water upon it, they cannot shield themselves from the consequences by interposing their official character, and the question of nuisance may be determined at law. As a general rule, equity will not interfere in advance, unless a strong case of irreparable injury is made out, and if it is not reasonably certain that the injury will result, will

wait until the question is determined by the actual effect produced or the question of nuisance has been settled by an action at law. There are cases where a person threatened with an injury of the kind alleged here will not be required to wait, if he can demonstrate that the injury is reasonably certain to follow, but if that question is left in doubt and uncertainty the court should not interfere.

It is urged that the court should have dismissed the bill without prejudice to the right of the complainant to bring an action in the future, if it should prove necessary for the protection or enforcement of his rights. It does not appear that the attention of the circuit court was called to that subject. If that had been done the request would probably have been granted. The order of dismissal will be modified so as to be without prejudice. With that modification the judgment of the Appellate Court affirming the decree of the circuit court is affirmed.

*Judgment affirmed.*