## SCHRAGE *v.* McCOY ET AL.

[No. 3,920. Filed February 27, 1902.]

APPEAL AND ERROR.—*Conclusions of Law.—Exceptions.—Assignment of Error.*—Where the exception was taken to all of the conclusions of law jointly, and the assignment of errors is directed against each of them severally, and not against all of them jointly, no attack can be made upon the conclusions of law unless they are all bad. *pp. 435, 436.*

SAME.—*Defect of Parties.—Dismissal.*—Where it appears that there were parties to the judgment having material interests therein who were not made parties to the appeal, the appeal will be dismissed. *p. 436.*

SAME.—*Parties.—Independent Assignment of Errors.*—A party seeking to establish independently a special interest in a fund realized by a receiver, no mention of whom was made in the judgment in the proceeding, and who was not made a party in the assignment of errors on appeal, in its separate assignment of errors must state the full names of all the parties to the appeal. *pp. 436, 437.*

From Lake Superior Court; *H. B. Tuthill*, Judge.

Action by Harry L. McCoy against George McCoy and others upon an account and for the appointment of a receiver. From a judgment denying the claims of Henry Schrage and others to an interest in funds in the hands of the receiver, the claimants appeal. *Appeal dismissed.*

*W. B. Reading, J. G. Erdlitz, B. F. Ibach* and *J. G. Ibach*, for appellants.

Schrage v. McCoy.

BLACK, J.—It appears in the transcript of the record brought to this court that an action was brought in the court below by Harry L. McCoy against George McCoy and William H. Penman, as partners, upon an account for labor, and for the appointment of a receiver; and that one George W. Lewis was appointed as receiver and qualified and took possession of the assets of the firm. The proceedings in the receivership are set out in the transcript. Attached to the transcript are two assignments of errors and one assignment of cross-errors. First, there is an assignment of errors by Henry Schrage, interpleader, as appellant, against George McCoy, William H. Penman, and Harry L. McCoy as appellees, the assignment containing two specifications of alleged errors, the first of which is not discussed. The second is as follows: "Said superior court erred in each of the following conclusions of law on its special findings of facts entered on the 30th day of June, 1899, to wit, conclusions numbered first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth."

The record shows that "the claim" of Henry Schrage was submitted to the court for trial, and that after hearing the evidence the court, at the request of the Standard Steel and Iron Company, one of the interpleading plaintiffs, and of the receiver, rendered a special finding, stating ten conclusions of law upon the facts specially found. In accordance with its conclusions, the court rendered judgment setting aside its order theretofore made for the payment of a certain sum to Henry Schrage, and ordering him to pay that sum to the clerk, and adjudging that such sum be distributed by the clerk, a certain portion thereof to Harry L. McCoy, another portion to Augusta Witt, executrix, another portion to Paxton Lumber Company, and the residue, after payment of costs, to "the general creditors as mentioned in the foregoing conclusions of law; and the balance, if any remains thereafter, shall be paid to said partners, Penman and McCoy, in equal parts."

The exception to the conclusions of law was in the following form: "The interpleader, Henry Schrage, excepts to the foregoing conclusions of law". The exception was taken to all the conclusions of law jointly. The assignment of errors is directed against each of them severally, and not against all of them jointly. Upon such an exception no attack can be made in this court upon the conclusions, unless they be all bad; and, if by such an assignment of error such an exception may be brought in review, it would be necessary for the appellant to show that all the conclusions were erroneous.

Counsel for Henry Schrage, in argument, have not mentioned any of the conclusions of law, but have contended that the court should have sustained his motion to order the receiver to turn over to Schrage the proceeds of the sale of certain real estate. One of the conclusions of law was to the effect that a certain other intervening party had no claims on the funds of the partnership. To this conclusion, at least, Henry Schrage could urge no valid objection, and as to him there could be no error therein. Therefore, without regard to the question as to the parties to the appeal of Henry Schrage, we could not find any ground for a decision in his favor. It appears that there were parties to the judgment who have material interests therein which would be injuriously affected by its reversal in favor of this appellant whom he has not made parties to the appeal in any manner, and we can not proceed to adjudicate upon rights or interests of those over whom we have not acquired jurisdiction.

At a date later than that of the filing of the assignment of errors discussed above, a separate assignment of errors was filed and attached to the transcript, entitled "Henry Schrage v. George McCoy et al.", in the body of which errors were assigned by the Standard Steel and Iron Company; and at the same time a separate assignment was filed having the same title, in the body of which cross-errors were assigned by the same company. There was no appeal

in term by any party. The judgment which it was sought by each of these assignments to assail was expressly against Henry Schrage, but no mention was made in the judgment of the Standard Steel and Iron Company. Though there was a conclusion of law adverse to that company, the company was not referred to in the judgment, which simply ignored its demand.

Each of the parties to the proceedings thus assigning errors was seeking to establish independently a special interest in a fund realized by the receiver. Neither of them recovered judgment against the other or against the receiver or any other party. The company, not having been made a party in the assignment of errors filed first in this court, filed its separate and independent assignment, and also its cross-assignment. It could not properly be a party as an appellee, but in making an assignment of errors it was bound by the rules of this court to state the full names of the parties to the appeal in the assignment, which it failed to do. By our rules an appellee may assign cross-errors. There was manifest inconsistency in the filing of an assignment and a cross-assignment by the same party. The company was not an appellee, and therefore could not assign cross-errors.

The appeal is dismissed as to all the parties at the costs of the appellants Henry Schrage and the Standard Steel and Iron Company.