### Commissioners of Highways of Eldorado Township, McDonough County, v. John N. Foster.

1. CHANCELLOR—*effect given to findings of fact.* Findings of fact by a chancellor are entitled to as much weight upon controverted questions of fact as is the verdict of a jury.

2. HIGHWAY COMMISSIONERS—*rights and obligations of, to undertake to drain public highway.* Where highway commissioners undertake to drain a public highway, they possess the same rights and are governed by the same rules as are adjoining landowners, who may undertake to drain their own lands, except where they proceed under the eminent domain laws of the state.

3. HIGHWAY COMMISSIONERS—*when injunction lies against.* Where highway commissioners attempt to divert water from its natural course and drain it upon the land of another, they will be enjoined at the instance of the owner of the land upon which the water is proposed to be turned.

Bill in equity. Error to the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

NEECE & ELTING and CHARLES W. FLACK, for plaintiffs in error.

SHERMAN, TUNNICLIFF & GUMBART, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in equity by which the defendant in error seeks to enjoin the plaintiffs in error from removing the filling or dam by them placed in a ditch in a certain highway, from in any manner interfering with the defendant in error filling said ditch and from ever in the future digging or causing to be dug, any ditch or ditches in said highway. A decree was entered substantially in accordance with the prayer of the bill, to reverse which decree this writ of error is prosecuted.

Defendant in error, Foster, is the owner and in possession of the northeast quarter of section 10, in township 4, in the county of McDonough. One Russell is the owner of the northwest quarter of section 10, and one Deane of the southwest quarter of section 3, in said township. The southeast quarter of section 4, in said township, is known as the Mershon land. There is a public highway running east and west on the north side of the lands owned by Foster and Russell, and along the south side of the Deane and Mershon lands, and another public highway running north and south on the west side of the Russell land and between the Deane and Mershon lands.

There is evidence tending to show, and the chancellor found, that plaintiffs in error had, prior to the filing of the bill, caused a ditch to be dug on the south side and near the west end of said first described highway, through a raise or knoll, about two and a half

feet in height; that they also caused a culvert to be placed across the last described highway, immediately west of said described lands and near the intersection of the two highways, which ditch and culvert would interfere with and interrupt the running of surface water from the intersection of said highways in a southerly direction to and upon the land north and west thereof as was its natural course, and cause it to flow in an easterly direction through said ditch and along the said east and west highway and empty upon the land of defendant in error, at a place where it would not otherwise empty.

The chief issues here involved are of fact. While the evidence is somewhat conflicting, the chancellor has found the material averments of the bill to be true. His finding is entitled to as much weight on controverted questions of fact as the verdict of a jury. Such findings cannot be said to be manifestly against the weight of the evidence, and we are therefore not at liberty to disturb the same. Haug v. Haug, 193 Ill. 645. Moreover, we have carefully read the record in connection with the plat appearing therein and are of opinion that the findings of fact incorporated in the decree are well supported by the evidence.

The decree is therefore warranted and proper under the well-settled law applicable to such facts. Where commissioners of highways undertake to drain a public highway, they possess the same rights and are governed by the same rule as adjoining landowners, who may undertake to drain their own lands, except where they proceed under the eminent domain laws of the state. Young v. Com. Highways, 134 Ill. 569; Barnard v. Com. Highways, 172 Ill. 391; Davis v. Com. of Highways, 143 Ill. 9. While the manner of improving highways is left principally to the wise discretion of the commissioners of highways, and in the exercise of the duties imposed on them by law, they cannot be interfered with, unless they invade some private right of the citizen, in draining a pub-

lic road they have no right to divert the water from its natural course, and drain it upon the land of another. If they attempt to do so they may be enjoined by a court of equity at the suit of the owner of the land upon which the water is proposed to be turned. Young v. Com. of Highways, *supra*.

The decree of the Circuit Court is affirmed.

*Affirmed.*