## PHOENIX RAILWAY COMPANY *v.* GEARY ET AL., CORPORATION COMMISSION OF ARIZONA.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF ARIZONA.

No. 48. Submitted October 29, 1915.—Decided November 29, 1915.

The Federal court has jurisdiction of a suit by a railway company against members of a state railroad commission to enjoin the enforcement of an order made by them which deprives the railway company of its property without due process of law.

A temporary injunction should not be granted under § 266, Jud. Code, in a suit to enjoin the enforcement of an order of a state railroad commission unless the bill of complaint and supporting affidavits, taken in view of the rebutting affidavits filed by defendant, make a clear case of unreasonable, arbitrary or confiscatory action on the part of the commission.

The presumption of reasonableness, existing in favor of action of a governmental agency, not having been overcome by the showing made upon the application therefor, the court below rightly denied the interlocutory injunction in this case.

Where, as is the case with the articles of the constitution and laws of Arizona relating to public utility corporations, the penalty provisions are clearly separable from the order of the commission and the constitutional and statutory authority therefor, this court will not, in advance of an attempt to enforce the penalties, determine whether such penalties are so excessive and severe as to amount to denial of due process of law in violation of the Fourteenth Amendment.

In this case an order denying an interlocutory injunction to restrain an order of the corporation commission of Arizona requiring a railroad company to double track a portion of its line is affirmed without prejudice to the court below dealing with the question of penalties.

THE facts, which involve the constitutionality under the Fourteenth Amendment of certain provisions of the

statute of Arizona creating the Corporation Commission of that State and of an order made by such Commission, are stated in the opinion.

*Mr. Louis H. Chalmers, Mr. Edward Kent, Mr. Floyd M. Stahl, Mr. Alexander Britton, Mr. Evans Browne* and *Mr. F. W. Clements* for appellant:

The lower court had jurisdiction.

The case presented to the lower court made necessary the issuance of an interlocutory injunction.

Irreparable damage to the appellant was certain to result because of a denial of its application for an interlocutory injunction.

The order of the Arizona Corporation Commission sought to be enjoined was beyond the power of the Commission.

The order of the Arizona Corporation Commission was shown to be unreasonable and unnecessary and therefore violative of the Fourteenth Amendment to the Constitution of the United States.

In view of the relative degree of injury to the respective parties by the granting or refusal of the interlocutory injunction prayed for, the showing of the appellant presented to the lower court required the issuance of the injunction *pendente lite*.

In support of these contentions, see *Atch., Top. & S. F. Ry.* v. *Love*, 174 Fed. Rep. 59; *Atlantic Coast Line* v. *Nor. Car. Corporation*, 206 U. S. 1; *Carpenter* v. *Knowllwood Cemetery*, 188 Fed. Rep. 856, 857; *Chicago & N. W. Ry.* v. *Railway Commission*, 35 Fed. Rep. 866; *Newton* v. *Lewis*, 79 Fed. Rep. 715; *Denver & R. G. Ry.* v. *United States*, 124 Fed. Rep. 156; *Harriman* v. *Northern Security Co.*, 132 Fed. Rep. 464; *Irving* v. *Joint District Council*, 108 Fed. Rep. 896; *Love* v. *Atch., Top. & S. F. Ry.*, 185 Fed. Rep. 321; *Mo. Pac. Ry.* v. *Nebraska*, 217 U. S. 196; *New Memphis Gas Co.* v. *Memphis*, 72 Fed. Rep. 952;

*Pacific Tel. Co.* v. *Los Angeles,* 192 Fed. Rep. 109; *Reagan* v. *Farmers' L. & T. Co.,* 154 U. S. 362; *Russell* v. *Farley,* 135 U. S. 433; *San Fran. Gas Co.* v. *San Francisco,* 164 Fed. Rep. 884; *Sanitary Reduction Works* v. *California Reduction Co.,* 94 Fed. Rep. 693; *San Joaquin Co.* v. *Stanislaus Co.,* 163 Fed. Rep. 567; *Seaboard Air Line* v. *Railroad Commissions,* 155 Fed. Rep. 792; *Smyth* v. *Ames,* 169 U. S. 466; *Oregon R. & N. Co.* v. *Fairchild,* 224 U. S. 510; *Washington P. & C. Co.* v. *Magruder,* 198 Fed. Rep. 218; *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19; *Wilmington City Ry.* v. *Taylor,* 198 Fed. Rep. 159; *Ex parte Young,* 209 U. S. 123.

*Mr. Wiley E. Jones,* Attorney General of the State of Arizona, *Mr. Leslie C. Hardy, Mr. George W. Harben* and *Mr. Edward M. Cleary* for appellees.

MR. JUSTICE PITNEY delivered the opinion of the court.

In June, 1913, the Corporation Commission of the State of Arizona made an order directing appellant to double-track its line of street railway on West Washington Street in the City of Phoenix, in that State, between Seventh and Seventeenth Avenues, a distance of ten blocks; the work to be commenced within 30 days from the date of the order and completed on or before September 1. By a subsequent order the time for completion was extended until December 1, 1913. Having unsuccessfully applied to the Commission for a rehearing, appellant filed its present bill of complaint in the United States District Court, praying that the Commission's order be declared null and void as in contravention of the Constitution of the United States, and that the defendants (who include the members of the Corporation Commission, the Attorney General of the State, and the County Attorney), be enjoined from enforcing or attempting to enforce it by

suit, prosecution, or other proceeding, and from instituting any proceeding for the recovery of fines or penalties for any violation of or refusal to obey it; the ground of complaint being that the order was unjust and unreasonable because the service already rendered upon Washington Street by appellant was adequate and efficient; that the construction of a double track was not required by the needs of the public; that appellant's operating expenses exceeded its revenues, and that it was unable to make the additional expenditure of about $14,000 required for the double-tracking; and that compliance with the order would prevent appellant from making an adequate return, or any return at all, upon the value of its property. The bill further set up that under the constitution and statutes of Arizona complainant was required, under severe penalties, to put the order into effect, and to keep it in effect until modified or abrogated, and that while a right to review the reasonableness and lawfulness of the order in a state court was given by statute, the court was prohibited from issuing any injunction or restraining order until after the final determination of the matter, and in the meantime the order would be in full force and effect and must be obeyed, under heavy penalties for each day's continuance of the violation; and it was alleged that these statutory and constitutional provisions were adopted for the purpose of compelling acquiescence in any order made by the Corporation Commission and preventing a resort to the courts to test the reasonableness, justness, and validity thereof, and thus had the effect of depriving complainant of its property without due process of law and denying to it the equal protection of the laws, in violation of the Fourteenth Amendment.

    Upon the filing of the bill, with accompanying affidavits, a temporary restraining order was granted, and a hearing of the application for interlocutory injunction was thereafter had before three judges under the provisions of

§ 266, Jud. Code, Act of March 3, 1911, c. 231, 36 Stat. 1087, 1162. The court held (209 Fed. Rep. 694) that complainant's showing as to the alleged unreasonableness of the Commission's order was not sufficiently strong to warrant an injunction to restrain its enforcement *pendente lite*, but the temporary restraining order was continued in force pending the present appeal, taken direct to this court under the cited section of the code.

The jurisdiction of a Federal court of equity over the subject-matter is of course well settled. *Ex parte Young*, 209 U. S. 123, 144; *The Minnesota Rate Cases*, 230 U. S. 352, 380; *Siler* v. *Louisville & Nashville R. R. Co.*, 213 U. S. 175, 190; *Louis. & Nash. R. R. Co.* v. *Garrett*, 231 U. S. 298, 303.

The sole question raised is whether the bill of complaint and supporting affidavits, in view of the rebutting affidavits filed by the appellees, made so clear a case of unreasonable, arbitrary, or confiscatory action on the part of the Corporation Commission as to call for an interlocutory injunction. The attempt was to show that there was no reasonable necessity for the Commission's order, in view of the character of the community to be served, the amount of traffic over the line, the financial condition of complainant, the nature and extent of the service already rendered and capable of being rendered with the existing facilities, and the advantage to accrue to the public as compared with the expenditures to be sustained by complainant in complying with the order. But the facts and the inferences were much in dispute. Complainant is not required to open up new territory, but only to give better service upon a street already occupied by it under a public franchise. Its line of railway on Washington Street is already double-tracked for a distance of 14 blocks in the business section of the city. The 10 blocks now required to be double-tracked lie between the business section and the state Capitol, where are

located the offices of the governor, the assembly chambers of the state legislature, the court room of the supreme court of the State and the chambers of the judges, the law library of the State, and the offices of the secretary of state, the attorney general, the corporation commission, and other state officials. On the line is located a public library and a park, both much frequented, while in the vicinity of the state Capitol there is an estimated population of from 1,200 to 1,500, the city as a whole having an estimated population of 25,000. There is abundant evidence of substantial inconvenience to the public owing to the fact that there is but a single track with one turnout between Seventh and Seventeenth Avenues, and some evidence tending to create an inference that the revenues of the company would be materially increased by the double-tracking. The Commission's order appears to have been made after full hearing and investigation respecting these matters. And, upon the whole, we agree with the court below that the presumption of reasonableness existing in favor of the action of the Commission was not overcome in the showing that was made upon the application for an injunction.

The penalty provisions, except as a ground for invoking the jurisdiction of a Federal court in equity, are not relied upon by appellant. They are contained in certain sections of the constitution and statutes of Arizona applicable to public service corporations. Constitution, Art. XV, §§ 16 and 17; Public Service Corporation Act, Laws 1912, ch. 90, §§ 65, 68, 74 a & b, 76, 77, 79, 81; Rev. Stat. 1913, §§ 2341, 2344, 2350 a & b, 2352, 2353, 2355, 2357. They are clearly separable from the order of the Commission and the constitutional and statutory provisions under which it was made. Constitution, Art. XV, § 5; Public Service Corporation Act, Laws 1912, ch. 90, § 36; Rev. Stat. 1913, § 2312.

Therefore, in advance of an attempt to enforce the pen-

alty provisions, we need not pass judgment upon them. *Grenada Lumber Co.* v. *Mississippi*, 217 U. S. 433, 443; *West. Un. Tel. Co.* v. *Richmond*, 224 U. S. 160, 172; *The Minnesota Rate Cases*, 230 U. S. 352, 380; *Louis. & Nash. R. R.* v. *Garrett*, 231 U. S. 298, 319; *Grand Trunk Ry.* v. *Michigan Ry. Comm.*, 231 U. S. 457, 473; *Ohio Tax Cases*, 232 U. S. 576, 594.

The court below expressed the view that the cause should be retained in order to restrain prosecutions for penalties during such time as would be reasonably required to enable the corporation to comply with the order of the Commission. The court's order, as entered upon complainant's application, contains no provision upon the subject. Our affirmance of that order will be without prejudice to the authority of the District Court to deal with the question of penalties.

*Affirmed.*