## ADVANCE OIL COMPANY v. HUNT ET AL.

[No. 9,594.    Filed May 29, 1917.    Rehearing denied October 24, 1917.
Transfer denied December 18, 1917.]

1. APPEAL.—*Assignment of Error.—Conclusions of Law.—Exceptions.—Questions Presented.*—Where appellant excepted both jointly and severally to the conclusions of law, any error in either of two conclusions assigned as error is available, unless it affirmatively appears from the record to have been harmless, though error was not assigned to a third conclusion to which an exception was reserved.    p. 234.

2. MINES AND MINERALS.—*Oil and Gas Lease.—Construction.—Consideration.*—Under an ordinary oil and gas lease on shares, exploration and development constitute the paramount or controlling consideration.    p. 236.

3. APPEAL.—*Review.—Injunctions.—Judicial Discretion.*—In acting upon applications for injunctive relief the courts exercise a sound judicial discretion, and, unless there has been an abuse of such discretion, judgment will not be reversed on appeal.    p. 236.

4. INJUNCTION.—*Violation of Oil and Gas Lease.*—An injunction may issue in a proper case to prevent the violation of an oil and gas lease, where the remedy at law is not as plain, practical and efficient as the equitable remedy.    p. 237.

5. INJUNCTION.—*Restraining Breach of Contract.*—Jurisdiction of equity to grant an injunction restraining a breach of a contract is substantially coincident with its jurisdiction to compel its specific performance.    p. 237.

6. INJUNCTION.—*Contract Rights.—Injunction to Protect.—Denial.—Effect.*—The fact that one is denied injunctive relief to protect his rights under a contract does not necessarily indicate that he has violated his contract or that he may not be entitled to redress in an action at law.    p. 237.

7. INJUNCTION.—*Nature of Remedy.—Inadequate Relief at Law.*— Although injunction is an extraordinary remedy, equitable relief may be granted, even where there is a legal remedy, on a showing that the remedy at law is inadequate.  p. 238.

8. INJUNCTION.—*Right to Equitable Relief.—Necessity of Showing Substantial Loss.*—Equitable relief will not be granted to protect a naked right where there is no showing that the complaining party has suffered or is about to suffer substantial loss or damage. p. 238.

9. INJUNCTION.—*Invasion of Contract Rights.—Right to Equitable Relief.—Irreparable Damages.*—Injunction will not be granted to prevent the invasion of a contract right which would only entitle the injured party to nominal damages, or where it is doubtful or a matter of speculation whether any damages will result to complainant, hence, where a lessee of land under an oil and gas lease ceased operations and removed its tools and equipment after drilling one well, injunctive relief will not be granted the lessee to restrain others from drilling for oil and gas under a second lease, where the original lessee makes no showing that it proposed to drill other wells within its term, but is seeking merely to protect its bare contract right.  p. 238.

10. INJUNCTION.—*Invasion of Contract Rights.—Right to Equitable Relief.—Contract Wanting in Mutuality.*—A lease giving the lessee the right at any time on payment of one dollar to surrender the lease for cancellation, after which all payments and liabilities thereafter to accrue shall cease and determine, is wanting in mutuality, and injunction will not issue to protect the lessee's rights under such contract, since equitable relief will be denied where, if granted, one of the parties may nullify the action so taken by the exercise of a discretionary right conferred either by law or the contract.  p. 238.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the Advance Oil Company against Arthur E. Hunt and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John C. Chaney, Allison G. McNabb, Merrill Moores* and *Howard W. Adams,* for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellees.

FELT, J.—This is a suit by the appellant, Advance Oil Company, against Arthur E. Hunt, Nora R. Hunt, W. K. White, D. L. Newton, Fred Moore, James L. Williams, John Graham, and Jacob Price, to enjoin them from entering upon certain real estate in Sullivan county, Indiana, for the purpose of exploring for gas and oil.

To the complaint in one paragraph, all the appellees filed answer in general denial. Appellees Hunt and Hunt also filed a separate answer in six paragraphs. Appellant filed a reply in general denial to the second, third, fourth, fifth, and sixth paragraphs of the special answer of Hunt and Hunt. On request the court made a special finding of facts, and stated its conclusions of law thereon, which were against appellant. Appellant excepted to the conclusions of law, the court overruled its motion for a new trial, and rendered judgment on the conclusions of law, dissolving the temporary restraining order previously issued against appellees, and adjudged that appellant take nothing by its action and that appellees recover costs.

The only errors assigned and not waived are that the court erred in overruling appellant's demurrer for insufficient facts to the fourth paragraph of the special answer of appellees Arthur E. and Nora R. Hunt, and error in the conclusions of law stated on the special finding of facts. *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 210, 97 N. E. 158; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 520, 102 N. E. 45; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 271, 86 N. E. 49; *Howard* v. *Adkins* (1906), 167 Ind. 184, 186, 78 N. E. 665.

The substance of the finding of facts so far as material to the questions presented is: That on August 20, 1913, appellees Hunt and Hunt, who are husband and wife, executed to J. W. Hunt, trustee, an oil and gas lease on 92½ acres of real estate; that by assignment appellant became the owner of such lease which demised to the lessee, his successor and assigns, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines, constructing tanks, buildings, and other structures thereon to take care of said products—

"all that certain tract of land situate in the township of Hamilton, County of Sullivan, and the State of Indiana, bounded and described as follows, to wit: (Here the land is described.) * * * It is agreed that this lease shall remain in force for the term of one year from this date, and as long thereafter as oil and gas or either of them is produced therefrom by the party of the second part, his successors or assigns.

"In consideration of the premises the said party of the second part covenants and agrees:

"1st. To deliver to the credit of the first parties their heirs or assigns, free of cost, in the pipe line to which he may connect his wells, the equal one-sixth part of all oil produced and saved from the leased premises.

"2nd. To pay to the first party Two Hundred Dollars each year in advance for the gas from each well where gas only is found, while the same is being used off the premises; and the first parties to have gas free of cost to heat and light one dwelling house on said premises during the same time.

"The party of the second part agrees to complete a well on said premises within three months from the date thereof, or pay at the rate of twenty-five cents per acre in advance for each

additional three months such completion is delayed from the time above mentioned for the completion of such well until a well is completed. The above rental shall be paid to the first part in person or to the credit of the first part at the Sullivan State Bank of Sullivan, Indiana, and it is agreed that the completion of such well shall be and operate as a full liquidation of all rent under this provision during the remainder of this lease.''

That on February 28, 1914, appellees Hunt and Hunt served a written notice on the lessee in which it was recited that when the lease was executed, and at the date of such notice, three oil wells were located within 250 feet of the north line of the leased premises aforesaid, which wells were being pumped and operated for oil, and that there were two gas wells within 200 feet of said line. Appellant was thereby notified to begin drilling, within thirty days from receipt of such notice, enough wells on said real estate to protect the same from being drained of oil and gas by the wells on adjoining lands, and that if it did not do so the aforesaid lease must be returned to the lessors, and on failure to so begin operations within thirty days said lease would be forfeited and become null and void.

The court also found that such gas and oil wells were on the adjoining land as stated in the notice, and that the lessees knew thereof, and that the same were being operated, but said lessees failed to ''offset'' such wells by drilling on the lands so leased from Hunt and Hunt as aforesaid; that the consideration for the execution of said lease was not the one dollar named therein, nor the twenty-five cents per acre mentioned, but was the development of the premises for the production of oil and gas and the

rents and royalties to be derived therefrom if oil and gas should be produced by such development; that rents were paid on said lease on November 20, 1913, and on February 20, 1914, and no other rentals were paid; that in March, 1914, the lessee drilled a well on said land about a fourth of a mile from the north line thereof, which proved to be a "dry hole," and was plugged the following April; that thereupon the lessee moved its drilling rig to the Stratton farm about one-fourth of a mile from such "dry hole" where two wells were drilled, in which oil and gas were found in paying quantities, but not marketed; that the rig which was used in drilling the first well on the Stratton farm had been idle for thirty days when the notice was given; that appellant moved all its tools, appliances and property from the Hunt land in April, 1914, and has not since that time placed any such tools or property on the leased premises, or attempted to drill thereon; that since the execution of said lease other producing wells have been drilled and are operated on adjoining lands; that appellant intended to return to the Hunt farm at some time within the year from the date of the lease and to again drill thereon for oil and gas, immediately southeast of the wells heretofore mentioned as being within 200 feet of said north line; that by so leaving said premises it was not intended to abandon the Hunt farm, but to hold the same at the pleasure of the lessee, and, if it saw fit to do so, to return and drill thereon.

On June 19, 1914, appellees Hunt and Hunt executed a second lease on said real estate to appellees White, Newton, and Moore, for like purposes, who employed appellees Williams, Graham and Price to drill oil and gas wells thereon; that on June 19, 1914,

said persons entered upon the land and began the erection of a rig to be used in drilling an oil and gas well, and continued their work until June 22, 1914, when a restraining order was served upon them and work was estopped pending the result of this litigation.

The court stated its conclusions of law as follows: (1) The temporary restraining order heretofore issued in this cause should be dissolved. (2) The plaintiff is not entitled to any relief by way of injunction. (3) The law is with the defendants and they are entitled to recover costs.

Appellant excepted both jointly and severally to the conclusions of law and has assigned separate error as to the second and third conclusions

1.    only. Appellee contends that no question is presented by such assignments, because no error is based on the first conclusion, and its correctness is thereby conceded.

The decisions relied on are cases where several conclusions of law were excepted to in gross, some of which were either conceded or found to be correct, in which event no reversible error was shown. *Maynard* v. *Waidlich* (1900), 156 Ind. 562, 565, 60 N. E. 348.

Here the appellant reserved a separate exception to each conclusion of law, and has assigned separate error as to the second and third only. If the court erred in either of such conclusions, it is cause for reversal, unless it affirmatively appears from the record that the error was harmless to appellant. Elliott, App. Proc. §§783, 786, 787, 789, 793; *Schrage* v. *McCoy,* (1901), 28 Ind. App. 434, 63 N. E. 50.

Appellant contends in substance that under the terms of its lease and the facts found by the court

there was no forfeiture or abandonment of the lease; that the term of the lease was one year, and the court finds that the same had not been abandoned; that injunction is the proper remedy to protect the rights of the holder of such lease, and the court erred in its conclusions of law denying such relief.

Appellee contends that, under the facts of this case and the law applicable to such leases, development is the controlling consideration; that, under the implied obligation resting on appellant to properly develop the leased premises according to such obligation and in conformity with the notice given appellant, the right of appellant to control the leased premises ceased at the expiration of the thirty days specified in such notice, on failure to drill other wells as therein stated; that appellant removed all of its property from the leased premises and ceased all operations thereon, and thereby abandoned the lease before receiving such notice; that it defaulted in the payment of the rentals due on May 20, 1914; that the alleged lease is not a mutual contract, and on the facts of this case appellant is not entitled to invoke the extraordinary remedy of injunction.

The facts found do not show an abandonment of the lease by appellant. If the drilling of the well described in the finding of facts as a "dry hole" amounted to "the completion" of a well within the meaning of the lease, under the circumstances shown, then there would be no default in the payment of acreage rents, for the lease provides that "the completion of such well shall be and operate as a full liquidation of all rent under this provision during the remainder of the term of this lease."

It is not contended that the drilling of the well as aforesaid did not amount to the completion of one well, but it is insisted that appellant lost all rights under the lease by failing to drill additional wells.

The question of whether the drilling of a "dry hole" amounted to the completion of one well is not material to the determination of this appeal, and, as the question is not urged, we do not decide it, but see the following: 1 Thornton, Law of Oil and Gas (2d ed.) §§136c, 137; Archer, Law and Practice in Oil and Gas Cases 695, §17; *Smith* v. *South Penn Oil Co.* (1906), 59 W. Va. 204, 53 S. E. 152; *Federal, etc., Co.* v. *Blaes* (1907), 75 Kan. 69, 88 Pac. 555; *Penniman* v. *Winner* (1880), 54 Md. 127, 135; *Steelsmith* v. *Gartlan* (1898), 45 W. Va. 27, 29 S. E. 978, 44 L. R. A. 107; *Daughetee* v. *Ohio Oil Co.* (1914), 263 Ill. 518, 105 N. E. 308.

•   2.   By reason of the facts found by the court, and likewise in conformity with the law applicable to such leases, exploration and development constitute the paramount or controlling consideration therefor. *Dittman* v. *Keller* (1913), 55 Ind. App. 448, 104 N. E. 40, and cases cited.

3.   In granting or refusing injunctive relief the courts are called upon to exercise sound judicial discretion, and upon appeal the judgment will not be reversed unless there has been an abuse of such discretion. *Loy* v. *Madison, etc., Gas Co.* (1900), 156 Ind. 332, 338, 58 N. E. 844; *Lowther Oil Co.* v. *Miller Sibley Oil Co.* (1903), 53 W. Va. 501, 44 S. E. 433, 97 Am. St. 1027, 1035; 2 High, Injunctions (4th ed.) §§1106-1109, 1695.

An injunction may issue in a proper case to prevent the violation of a lease like the one under con-

4. 5. sideration, where the remedy at law is not as plain, practical, and efficient to secure the ends of justice as the equitable remedy of injunction. An injunction restraining the breach of a contract, and the jurisdiction of equity to grant such relief is substantially coincident with its jurisdiction to compel specific performance of the contract. *Risch* v. *Burch* (1911), 175 Ind. 621, 625, 95 N. E. 123; *Rupel* v. *Ohio Oil Co.* (1911), 176 Ind. 4, 9, 95 N. E. 225, Ann. Cas. 1913E 836; *Richmond Nat. Gas Co.* v. *Davenport* (1905), 37 Ind. App. 25, 30, 76 N. E. 525; *Cincinnati, etc., R. Co.* v. *Wall* (1911), 48 Ind. App. 605, 610, 96 N. E. 389.

6. Where a party seeks to protect his rights under a contract by invoking the aid of equity, the denial of injunctive relief does not necessarily indicate that he has violated his contract or that he may not be entitled to redress in an action at law.

In the case at bar appellant is shown by the finding of facts to have paid two installments of rent and to have drilled one well. The facts show that it has not abandoned the lease, but, on the contrary, asserts its right to enter upon the land and drill a well or wells at any time within a year from the date of the lease, if it shall elect so to do.

For the purposes of this opinion it may be conceded that in reaching such conclusion appellant was wholly within its rights, but the finding does not show that it intended, or made any effort, to drill other wells on the premises, but contented itself with resting on its right to drill other wells and an effort to prevent appellees from drilling a well on the premises.

Injunction is an extraordinary remedy, but where

a party has a legal remedy, he may nevertheless be granted equitable relief by showing that his remedy at law is inadequate. Equity intervenes to prevent loss, to afford the most effective remedy, or to prevent a multiplicity of suits, but equitable relief is not granted to protect a naked right where there is no showing that the party seeking such relief has suffered or is about to suffer substantial loss or damage.

In the absence of a positive showing that appellant proposed to drill other wells on the premises within the year, there is no basis for such damages or loss as is required to invoke the extraordinary remedy of injunction.

Equity will not intervene to prevent the invasion of a right where such invasion would only entitle the injured party to nominal damages, nor in cases where it is doubtful or a matter of speculation as to whether any damages will result to the complaining party. The basis of injunctive relief is threatened irreparable damage or inadequacy of the appropriate legal remedy. 1 High, Injunctions (4th ed.) §§9-18, 22, 697-702; 16 Am. and Eng. Ency. Law 360; *Cleveland* v. *Martin* (1905), 218 Ill. 73, 75 N. E. 772, 3 L. R. A. (N. S.) 629, 637; *Barnard* v. *Commissioners, etc.* (1898), 172 Ill. 391, 50 N. E. 120; *Hagerty* v. *Lee* (1889), 45 N. J. Eq. 255, 17 Atl. 826; *Chicago General R. Co.* v. *Chicago, etc., R. Co.* (1899), 181 Ill. 605, 54 N. E. 1026, 1028; 14 R. C. L. 339, 348.

Furthermore, in the case at bar the contract or lease contains provisions that are fatal to appellant's contentions. The lessee is given *"the right at any time* on payment of one dollar * * * to *surrender* this lease for cancellation, after which all *payments and liabilities* thereafter to

accrue, under and by virtue of its terms shall cease and determine.'' The contract is wanting in mutuality, because for a nominal consideration the holder of the lease is given the right to annul it at any time and end all liability thereafter accruing under the lease. Courts refuse to grant equitable relief, where, if granted, one of the parties may nullify the action so taken by the exercise of a discretionary right which either the law or his contract has conferred upon him. *Fowler Utilities Co.* v. *Gray* (1906), 168 Ind. 1, 3, 6, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. 344; *Henry School Tp.* v. *Meredith* (1903), 32 Ind. App. 607, 612, 70 N. E. 393; *State, ex rel.* v. *Cadwallader* (1909), 172 Ind. 619, 628, 637, 87 N. E. 644, 89 N. E. 319; *Marble Co.* v. *Ripley* (1870), 10 Wall. (77 U. S.) 339, 19 L. Ed. 955, 962; *Express Co.* v. *R. Co.* (1878), 99 U. S. 191, 25 L. Ed. 319, 321; *Watford Oil and Gas Co.* v. *Shipman* (1908), 233 Ill. 9, 8 N. E. 53, 54, 122 Am. St. 144; *Welty* v. *Jacobs* (1898), 171 Ill. 624, 49 N. E. 723, 40 L. R. A. 98, 101; 4 Pomeroy, Eq. Jurisp. (4th ed.) §1405; 14 R. C. L. 383.

In *Fowler Utilities Co.* v. *Gray, supra,* our Supreme Court quoted with approval from an opinion in 47 Mich. 449, written by Judge Cooley, the following: '' 'But the court will also refuse to interfere in any case where, if it were to do so, one of the parties might nullify its action through the exercise of a discretion which the contract or the law invests him with. The refusal in such a case does not depend of necessity upon any illegality, inequality, or unfairness, but it is sufficiently based upon the impropriety of imposing on the judge the labor, and on the public the expense, of an investigation of disputes when the circumstances are such as to preclude any judgment that may be rendered from being final. No court

can with reason be called upon to do a vain thing. * * * All contracts where the party has reserved to himself, or where the law gives him authority to render nugatory any decree that ought to be rendered in their enforcement, rest upon the same principle.''

In *Express Co.* v. *Railroad Co., supra,* the Supreme Court of the United States said: ''But we need not pursue the subject further, because there is one provision of the contract in this case which is fatal to the relief sought. A court of equity never interferes where the power of revocation exists. Frye, Specif. Perform. 64. The contract stipulates that after the first year it shall cease upon the payment of the $20,000 and interest. This might be made immediately upon the rendition of the decree. The action of the court would thus become a nullity.''

In *Marble Co.* v. *Ripley, supra,* the Supreme Court of the United States said: ''Another reason why specific performance should not be decreed in this case is found in the want of mutuality. Such performance by Ripley could not be decreed or enforced at the suit of the marble company, for the contract expressly stipulates that he may relinquish the business and abandon the contract at any time on giving one year's notice. And it is a general principle that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former.''

The controlling questions in the case have been decided, and the conclusions announced show that

the error, if any, in ruling on the demurrer to the fourth paragraph of answer was harmless to appellant and could not have influenced the decree rendered.

We find no reversible error. Judgment affirmed.

NOTE.—Reported in 116 N. E. 340. Injunction to prevent breach of contract, 90 Am. St. 634, 22 Cyc 844, 848. See under (2) 27 Cyc 724; (6) 22 Cyc 962; (7, 8) 22 Cyc 849, 850.