PUBLIC SERVICE COMMISSION OF INDIANA ET AL. *v.*
BALTIMORE AND OHIO RAILROAD COMPANY ET AL.*

[No. 25,750.  Filed January 16, 1930.  Rehearing denied March 4, 1931.]

*See second appeal reported *infra* p. 618.

*James M. Ogden*, Attorney-General, *Connor D. Ross*, Assistant Attorney-General, and *Arnet B. Cronk*, for appellants.

*J. L. Aber, Howard P. Travis* and *Pickens, Davidson, Gause & Pickens*, for appellees.

MARTIN, J.—Twenty-three railroad companies, appellees, brought this action seeking to set aside as "arbitrary, unjust, unreasonable and illegal" an order of the Public Service Commission of Indiana. This order reduced carload freight rates on scrap iron and steel moving in Indiana intrastate commerce, and was made following the filing of a complaint on behalf of a large number of shippers and receivers of scrap iron and after an investigation by the commission concerning the "reasonableness and lawfulness" of such rates. The complaint herein prayed that a restraining order and a temporary injunction pending final hearing be issued and that, upon final hearing, the injunction be made permanent. The restraining order was issued after notice; a demurrer to the complaint was filed and over-ruled, a general denial was filed, and, after a hearing, the temporary injunction was issued, from which action this appeal is prosecuted.

The appellees' evidence, upon which the temporary injunction was issued, consisted of (A) the affidavit of

an assistant freight traffic manager of the Pennsylvania Railroad Company to the effect that his railroad transported approximately 1,200 car loads of scrap iron per year within this state, and that the order of the Public Service Commission, if permitted to become effective, would reduce the rates thereon approximately 36 per cent, which reduction would amount to $30,000 annually; (B-C-D) similar affidavits which stated that the reduction in rates on scrap iron would amount to approximately $6,000 per annum for the Baltimore and Ohio Railroad Company, $8,000 per annum for the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, and $35,000 per annum for the New York, Chicago and St. Louis Railroad Company; and (E) another affidavit by a member of the auxiliary committee of the Central Freight Association which stated that the reduction in rates for all lines of railroads would amount to approximately $100,000 per annum.

Injunctions may not be granted for merely the asking, but there must be at least a *prima facie* showing to the court that the complainant has a right to the final relief asked. Appellees, in asking for the temporary injunction, failed to introduce evidence to show that the order of the commission was either arbitrary, unjust, unreasonable or illegal, or which would overthrow the presumption of reasonableness which exists in favor of the action of the commission. *Phoenix R. Co.* v. *Geary* (1915), 239 U. S. 277, 36 Sup. Ct. 45, 60 L. Ed. 287; *Water Company of Tonopah* v. *Public Service Commission* (1913), 250 Fed. 304; *Vandalia R. Co.* v. *Schnull* (1919), 188 Ind. 87, 122 N. E. 225. See, also, *Pittsburgh, etc., R. Co.* v. *Railroad Com., etc.* (1908), 171 Ind. 189, 86 N. E. 328; *Audenried* v. *Phila., etc., R. Co.* (1871), 68 Pa. 370, 8 Am. Rep. 195. The fact alone that rates or revenues of appellees will be reduced under the order is no proof that the reduced rates are confisca-

tory or do not allow a fair return for service rendered. *Louisville, etc., R. Co.* v. *Garrett* (1913), 231 U. S. 298, 34 Sup. Ct. 48, 58 L. Ed. 229.

Appellees contend (citing *Postal Telegraph-Cable Co.* v. *City of Mobile* [1909], 179 Fed. 955, and *Ekeberg* v. *Mackay* [1911], 114 Minn. 501, 131 N. W. 787, 35 L. R. A. [N. S.] 909, Ann. Cas. 1912C 568), that "the allegations of the complaint for the purpose of ruling on a motion for a temporary injunction, are to be taken as true, and have the effect of affidavits." It is manifest that this contention cannot prevail, *1st*, because, in the case at bar, there is a real conflict between the allegations of the complaint and the testimony filed by the appellant (an affidavit of the chief of the traffic department of the Indiana State Chamber of Commerce); *2nd*, because, under §1228 Burns 1926, it is necessary for the (verified) complaint to be introduced in evidence in order for it to become a part of the evidence, and it was not offered in evidence; and *3rd*, even if the complaint herein could be considered as a part of the evidence, it would not be sufficient to sustain the action of the trial court in granting the temporary injunction, for the reason, that, while it alleges the conclusion of the pleader that the old rates are "not unjust, unreasonable, excessive, exorbitant or discriminatory or in any wise unlawful," and that the action of the commission was "arbitrary, unjust, unreasonable, illegal," etc., it does not allege any facts from which the court could draw those conclusions.

Judgment reversed, with directions to dissolve the temporary injunction.

DISSENTING OPINION ON PETITION FOR REHEARING.
[Filed May 23, 1931.]

MYERS, C. J.—The record and briefs filed in this case submit for decision two important questions. The first

in the order of submission challenges the jurisdiction of the Marion Superior Court over the "persons of appellees" and of the subject-matter of the action. In case the first question is decided against appellants' contention, then, second, the court erred in granting to appellees a temporary injunction.

The first question, although important, was not decided by this court or mentioned in the opinion. I now feel that the question was one of vital importance to the parties to this suit and it should have been decided.

Looking to the second question which was by this court determined, and to the pronouncements of law and authorities cited in the opinion, I am well convinced that the opinion should not stand.

The first point in the opinion to which authorities are cited, headed by *Phoenix R. Co.* v. *Geary* (1915), 239 U. S. 277, 36 Sup. Ct. 45, 60 L. Ed. 287, would be a pertinent reason for a trial court to give in sustaining its action denying a temporary injunction. But, in case of an appeal from such action of the trial court, it would be proper for an appellate court to remind the parties that the granting of a temporary injunction or restraining order must be left to the sound judicial discretion of the trial court, and it is only for an abuse of that discretion or in case of arbitrary action, that an appellate court will interfere. *Risch* v. *Burch* (1911), 175 Ind. 621, 95 N. E. 123; *Advance Oil Co.* v. *Hunt* (1917), 66 Ind. App. 228, 116 N. E. 340; *Fireball Gas Tank, etc., Co.* v. *Commercial Acetylene Co.* (1912), 198 Fed. 650.

The five cases to which I have referred, headed by the Phoenix Railway Company case, all had to do with questions where temporary or permanent injunctions had been denied, and the sole question in each of those cases was whether or not the complaint and supporting affidavits, in view of the rebutting affidavits, made a case justifying the court's action. The elementary

principle that all presumptions are indulged in favor of correct action of the trial court must obtain until it is made to appear on appeal that some rule of law has been violated harmful to the losing party. There is no such showing in this case.

It appears from the record before us that the inception of these proceedings was by the Public Service Commission on its own motion concerning the reasonableness and lawfulness of the carload rates on scrap iron and steel moving in Indiana intrastate. An investigation of the subject was had by the commission and an order promulgated fixing rates on scrap iron to be charged by the several railroads between points in Indiana. The railroads challenged the reasonableness of this order. Whether the rates charged by the carriers at the time the commission's order was promulgated were reasonable was an issue in the case. The complaint alleged, and there was evidence tending to show, that if the order of the commission should stand, it would mean a loss to the carriers of scrap iron of more than $100,000 per year. It was also shown to the trial court that the $100,000 loss to the carriers, if it should finally be determined that appellees were correct in their contention, would be an entire loss, while the granting of the temporary injunction would preserve to the shippers full recourse and protection in case it should be finally determined that the commission's order was reasonable and enforceable. Other facts appear in the complaint, and in the affidavits in support of the complaint, which clearly, to my mind, called upon the court to exercise its discretion. I find no reason or anything in the record in this case justifying this court in saying that the trial court abused its discretion or acted arbitrarily in granting the temporary injunction. That is practically the only question for decision presented by appellant's second contention of error.

The case of *Vandalia R. Co.* v. *Schnull* (1919), 188 Ind. 87, 122 N. E. 225, is cited, but the opinion in that case on appeal to the Supreme Court of the United States was set aside and the judgment of this court reversed. See *Vandalia R. Co.* v. *Schnull* (1921), 190 Ind. 698, 130 N. E. 865.

I am not content to let go unnoticed the inference in the opinion that the verified complaint in this case was not proper to be considered by the court unless introduced in evidence. Sections 1225, 1226 and 1228 Burns 1926 should be construed together, and, thus considered, it is my opinion that a verified complaint for a temporary injunction is before the court for all purposes and has probative force, although it may not be formally read in evidence. *Risch* v. *Burch, supra,* where it is said (p. 626) that "It is enough if the court finds upon the pleadings and the evidence a case that makes the transaction a proper subject for investigation in a court of equity." This same principle is recognized in *Water Co. of Tonopah* v. *Public Service Commission* (1913), 250 Fed. 304, cited in the opinion.

The opinion recognizes the fact that "there is a real conflict between the allegations of the complaint and the testimony filed by the appellant." This statement being true, this court must weigh the evidence and determine the preponderance thereof if the judgment of the lower court is to be set aside. This court has a number of times said that it will not weigh conflicting evidence or conflicting affidavits in determining the correct action of a trial court in granting or refusing to grant interlocutory orders or temporary injunctions. *Home Electric, etc., Co.* v. *Globe Tissue Paper Co.* (1897), 146 Ind. 673, 679, 45 N. E. 1108. But the opinion, in justifying a reversal of the judgment of the lower court, refers to what is characterized as conclusions of the pleader and refuses to give these statements any probative force. These denominated conclusions result

from other allegations in the complaint and charge that the action of the commission was "arbitrary, unjust, unreasonable, illegal." It seems to me that these are ultimate facts which, upon a final hearing, the complainants must sustain, but for the purposes of a temporary injunction, they are not to be disregarded.

The petition for a rehearing should be granted.

Travis, J., concurring in this opinion.