**KATZ DRUG CO. v. W. A. SHEAFFER PEN CO.**

No. 1749.

District Court, W. D. Missouri, W. D.
May 1, 1933.

Ryland, Stinson, Mag & Thomson, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., and E. H. Pollard, of Fort Madison, Iowa, for defendant.

REEVES, District Judge.

Heretofore this matter was before the court on the question of jurisdiction over the defendant. 6 F. Supp. 210. It was then held that under the provisions of section 22, title 15, U. S. Code (15 USCA § 22), relating to commerce and trade, the defendant was subject to service at its place of business in Iowa on the grounds that it was transacting business in this district, although not found therein.

The question now presented is whether a temporary injunction should issue and whether an action by the defendant against the plaintiff in an Iowa court should be enjoined. Section 26, title 15, U. S. Code (15 USCA § 26), provides for injunctive relief in favor of private parties as follows: "Any * * * corporation * * * shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws * * * when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings."

It is plaintiff's theory that the defendant is and has been operating in violation of the anti-trust laws. The averments of the bill indicate that the defendant is a manufacturer of fountain pens and that it has developed a large demand for its product in interstate commerce. It has endeavored to maintain standard and uniform prices upon its articles. This is done by contract with selected dealers. It refuses to sell to such dealers as may decline to maintain a uniform or standard price. Some of its dealers or patrons removed from the articles purchased by them the serial numbers so that, without detection, they might be able to dispose of said articles to other dealers who would not be bound by the contract to maintain the price. All sales were unconditional and the title passed absolutely to the purchasers. The plaintiff became the owner, by purchase, of a quantity of said articles from which the serial numbers had been removed. Plaintiff avers that it is without knowledge as to who removed such numbers save only that it was done by owners of the articles who were under contract with the plaintiff not to reduce the price.

The defendant instituted a suit in an Iowa court to restrain the plaintiff from selling such articles purchased by it upon the ground that same had been mutilated and altered, and therefore were not the genuine articles put out by the plaintiff in the Iowa suit and the defendant in this suit.

The allegations of plaintiff's bill and the statements of counsel indicate that plaintiff's allegations are true to the effect that the defendant was seeking to maintain uniform prices on its articles.

The first question for consideration is to determine whether it was violating the anti-trust laws.

■ 1. In a proper case the manufacturer might have the right to project his control beyond his own sales by contract or agreement. The case at bar is not subject to such provisions. An agreement to maintain prices is void as against public policy unless it be found reasonable and that same was fairly necessary in the circumstances for the protection of the covenantee. Again, the latter principle is inapplicable in the instant case. According to the bill and the statement of counsel, the defendant is operating upon agreements designed to maintain prices after it parted with title to the articles and for the purpose of preventing competition among those who traded in them. Such "agreements or combinations between dealers, having for their sole purpose the destruction of competition and the fixing of prices, are injurious to the public interest and void." Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U. S. 373, loc. cit. 408, 31 S. Ct. 376, 384, 55 L. Ed. 502. According to the foregoing authority the plans of the defendant fall within the principle which condemns contracts of this class.

■ 2. The bill charges that the defendant is violating the anti-trust laws by restraining competition in interstate commerce, and said section 26, title 15, affords to any person or

corporation a remedy by injunction "against threatened loss or damage by a violation of the antitrust laws."

It is specifically averred that the suit filed by the defendant in the Iowa court is not only designed to interfere with the plaintiff in its sale of an article of commerce owned by it and free from any contract with the defendant, but that said suit is intended to aid it in unlawfully restraining trade and competition by maintaining price levels. While the Iowa proceedings may appear lawful, yet, according to the bill, they are in furtherance of an illegal act.

The rule was stated in U. S. v. Railway Employees' Department of American Federation of Labor (D. C.) 283 F. 479, to the effect that if the dominating primary purpose of a combination is to restrain trade, or do things unlawful in themselves, and which by reason of their inherent nature operate to restrain trade, such purpose is unlawful, and may not be carried out, even by means that otherwise would be lawful.

Moreover, in B. V. D. Co. v. Isaac, 257 F. 709, the Court of Appeals, Sixth Circuit, refused to enjoin the sale of an article where secret and identifying marks had been removed, as in this case. That case was almost identical with the one at bar. The courts held that the manufacturer had no right to interfere with the defendant who is engaged in selling a product bought and paid for by him, even though it involved a reduction from the price sought to be maintained by the manufacturer.

According to the allegations of the plaintiff's bill, the defendant is seeking to interfere with a sale of an article purchased outright by it, and same is being done for the purpose of maintaining prices. Such proceedings, therefore, become a threat of loss or damage to the plaintiff and entitle it to institute this suit for injunctive relief.

[3-5] 3. Under the law, the plaintiff cannot interpose its defense in the Iowa suit. The statute specifically limits injunctive relief to courts of the United States in all cases of anti-trust law violations. General Investment Co. v. Lake Shore & M. S. R., 260 U. S. 261, loc. cit. 287, 43 S. Ct. 106, 67 L. Ed. 244. The plaintiff in this case could not obtain the relief to which it claims it is entitled in the Iowa proceeding.

Moreover, according to the bill, the prosecution of the Iowa case, although innocent within itself, would aid the defendant in carrying out its plan to maintain prices in violation of the anti-trust laws.

Under such circumstances, the plaintiff would be entitled to enjoin said action for two reasons: First, because the prosecution of said action is alleged to be a part of a plan and purpose to maintain prices illegally; and, second, because full and adequate relief could only be had in the federal court, and the prosecution of said action according to the bill would be an impingement upon the jurisdiction of this court and an interference with complete relief. The rights of the parties can be fully adjudicated here and they cannot be in the Iowa proceeding.

The power of the court to restrain the state court action appears to be inherent. Julian v. Central Trust Co., 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629.

This power inheres notwithstanding the provisions of section 379, title 28, U. S. Code (28 USCA § 379).

In Wells Fargo & Co. v. Taylor, 254 U. S. 175, loc. cit. 183, 41 S. Ct. 93, 96, 65 L. Ed. 205, the Supreme Court said in discussing said section: "It has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision does not prevent the federal courts from enjoining the institution in the state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States * * * or prevent them from maintaining and protecting their own jurisdiction, properly acquired and still subsisting, by enjoining attempts to frustrate, defeat or impair it through proceedings in the state courts * * * or prevent them from depriving a party, by means of an injunction, of the benefit of a judgment obtained in a state court in circumstances where its enforcement will be contrary to recognized principles of equity and the standards of good conscience."

Equity has jurisdiction of a suit to enjoin the enforcement of a state or local law, on the ground that such enforcement will deprive the complainant of rights secured to him by the Constitution and laws of the United States. Phoenix R. Co. v. Geary, 239 U. S. 277, 36 S. Ct. 45, 60 L. Ed. 287; August Busch & Co. v. Webb (C. C.) 122 F. 655, loc. cit. 662; American Mutual Liability Ins. Co. v. Volpe (C. C. A.) 284 F. 75.

Accordingly, a temporary injunction should issue and the defendant should be restrained from prosecuting the action now pending in the Iowa court.

Counsel for the plaintiff will prepare and submit a proper decree.