HUDELSON ET AL. *v.* HUDELSON ET AL.

[No. 20,547.    Filed May 23, 1905.]

1. CONSTITUTIONAL LAW. — *Supreme Court.* — *Imposition of Trial Court Duties Thereon.*—The legislature has no power to confer or impose trial court duties upon the Supreme Court. *Parkison* v. *Thompson* (1905), *ante* 609, followed.    p. 694.
2. APPEAL AND ERROR.—*Statutes.*—*Construction.*—*Weighing Conflicting Oral Evidence.*—The Supreme Court can not weigh conflicting oral evidence under the act of 1903 (Acts 1903, p. 338) in order to set aside the decision of the trial court. Gillett, J., dissenting.    p. 697.

From Henry Circuit Court; *John W. Headington,* Special Judge.

Action by Emory Hudelson and others against Lennaeus L. Hudelson and others. From a decree for defendants, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Affirmed.*

*McKee & Trabue, Forkner & Forkner* and *Barnard & Jeffrey,* for appellants.

*Eugene Bundy* and *Smith, Duncan, Hornbrook & Smith,* for appellees.

MONTGOMERY, J.—This action was brought by appellants to set aside a deed made by their father, William Hudelson, and for partition of real estate. The complaint charged unsoundness of mind and undue influence, and was answered by general denial. A trial by the court resulted in a finding for appellees. Appellants' motion for a new trial was overruled, and judgment rendered against them for costs.

The overruling of the motion for a new trial is the only alleged error assigned; and the only ground of the motion, not waived, is that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

1. The provisions of the act of 1903 (Acts 1903, p. 338) are invoked, and we are asked to determine whether or

not the judgment below is fairly supported by, or is clearly against the weight of, the evidence. The evidence relied upon for a reversal is wholly oral. More than sixty witnesses were introduced and testified, and in numbers were about equally divided between appellants and appellees. The evidence is conflicting, and the opinions of witnesses as to the mental condition of the grantor in the deed assailed are contradictory.

In the case of *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185, the learned judge writing the opinion attempted to furnish a solution for such perplexing problems as that now confronting this court, from which we quote the following: "The general rule is that if there is evidence from which the jury might reasonably find or infer a fact, and they find accordingly, this court will not disturb the verdict because there is other evidence in conflict with that on which the finding is based. But where the evidence in support of the finding is clearly and overwhelmingly, or conclusively contradicted, it would be a reproach to the law, and a flagrant outrage upon the rights of the parties to refuse to disturb the verdict, simply because it had been found by a jury."

In the case of *Ft. Wayne, etc., R. Co.* v. *Husselman* (1878), 65 Ind. 73, 76, Howk, C. J., speaking of the language above quoted, said: "How can this court or its judges possibly know that the evidence in support of the verdict or finding has been 'clearly and overwhelmingly, or conclusively contradicted ?' To arrive at such a conclusion, must we not weigh the evidence ? If so, how can we, as an appellate court, by merely reading the written evidence, without any personal knowledge of the intelligence or character of the witnesses, or any of those living *indicia* before us by which men ordinarily judge of the truthfulness and credibility of evidence, determine that the evidence in support of the verdict or finding has been 'clearly and overwhelmingly, or conclusively contradicted ?' We know of no

rule or measure by which an appellate court can be safely guided, when it undertakes to determine such a question. Whether or not the evidence in any case is clear, or overwhelming, or conclusive, is a question for the jury trying the cause, and the judge presiding at such trial. When a jury have passed upon this question, and returned their verdict, and when the court, under whose eye and within whose hearing the evidence has been introduced and the cause has been tried, has refused to disturb the verdict upon the weight or sufficiency of the evidence, we are clearly of the opinion, that it is neither our province, nor our duty, to reverse the judgment of the trial court, merely because it may seem to us, from our reading of the record, that 'the evidence in support of the finding is clearly and overwhelmingly, or conclusively contradicted.' "

.This court, in harmony with the decision just quoted, uniformly and consistently refused to weigh conflicting evidence up to the time of the enactment of the statute of 1903. That act has recently been construed by this court in the case of *Parkison* v. *Thompson* (1905), *ante,* 609. In that case the court said: "The statute must be given a reasonable construction, and no such interpretation should be placed thereon as will make the action of the legislature in enacting it appear absurd. Its language is: 'The Supreme and Appellate Courts shall    *    *    *    carefully consider and weigh the evidence.' The word 'shall' is manifestly used in the statute in the sense of 'may.' It was intended, no doubt, to abrogate the judicial rule by which we have heretofore been bound, and authorize us to weigh the evidence and decide questions of fact on appeal. But certainly the legislature in passing the act did not intend that there should be a trial *de novo* in this or the Appellate Court upon the evidence in the case. It was not contemplated that we should take up and examine parol or oral evidence incorporated into a bill of exceptions, and pass upon its weight,

without any consideration or reference to the decision of the trial court, or the means afforded that tribunal for deciding questions of fact. Under our Constitution the legislature can not invest this court, in a cause appealed to it, with both appellate and original jurisdiction."

The fundamental and primary powers and duties of this court are those of a court of errors or appeals. Its functions as an appellate tribunal are essentially different from those of a trial court; and it is not within the province of the legislature to confer or impose upon this court, in cases over which it acquires jurisdiction by appeal, powers and duties which rightly pertain to a trial court. *Parkison* v. *Thompson, supra;* Elliott, App. Proc., §27.

2. If we were to attempt to perform the task which appellants' counsel ask us to undertake in pursuance of the provisions of the act of 1903, we would in reality perform the identical duty which the trial court discharged in passing upon the motion for a new trial. We can not weigh and determine the preponderance of conflicting oral evidence, for often stated and obvious reasons; nor can we be lawfully required to attempt to do so in cases before us for review on appeal. When, as in this case, the trial court has overruled a motion for a new trial involving the sufficiency of the evidence to sustain the decision upon the merits, and that ruling is assigned as error on appeal, this court is required to examine the evidence in the record. But the decision of the trial court upon the motion for a new trial will be disturbed only when the evidence upon the controlling issue is documentary, by depositions, or otherwise of such a clear and conclusive character as to enable and to warrant this court to say, as a matter of law, that such decision is erroneous. The evidence in this case is not of the class or character that enables us to say that there was an error of law in overruling appellants' motion for a new trial.

This conclusion renders it unnecessary for us to deter-

mine whether or not, under the circumstances shown, the burden of proof as to the validity of the deed in question shifted upon the trial.

No reversible error being shown, the judgment is affirmed.

## SEPARATE OPINION.

GILLETT, J.—The result of this appeal is right, but I do not concur in all that is said concerning the practical effect of the act of 1903 (Acts 1903, p. 338) providing for the weighing of evidence on appeal in certain cases. The declaration that the statute will be treated as ineffective in cases in which we are asked to consider the effect of oral testimony given in the court below unless it can be said as a matter of law that the result was wrong is one which ought not to be made at this time. As to such cases the holding is a practical nullification of the act, and leaves the practice as it was before the passage of the statute. *Mead* v. *Burk* (1901), 156 Ind. 577; *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 87 Am. St. 207; *Carver* v. *Forry* (1902), 158 Ind. 76; *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72; *Creamery, etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99. Important as is the element of the appearance and manner of the witnesses upon the stand, I am not willing to say now that in no case will the court weigh their evidence.

No constitutional question is presented by the briefs of counsel, and the case is such that it is only necessary to say that it does not clearly appear that the result below was wrong. In these circumstances, I am of opinion that the power of the General Assembly to regulate the jurisdiction of this court should not be considered, and that we should not attempt to forestall the operation of the statute as applied to the possible future concrete case in which we shall be able to say that the result upon the evidence was clearly wrong.