# KLEIN v. NINDE.

### [No. 6,762.    Filed April 20, 1910.]

1. CONTRACTS.—*Sales.*—*Fraud.*—*Special Findings.*—Special findings that defendant falsely represented to the plaintiff that a certain Persian lamb fur jacket was manufactured from first-class skins, when, in fact, it was made from damaged skins, that the plaintiff was induced by such false representation to pay for the jacket, and that "defendant was guilty of fraud in making said sale," sufficiently show that the contract was fraudulent as against the plaintiff.  p. 673.

2. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 673.

3. APPEAL.— *Affirmance.— Evidence.*— A decision supported upon each essential fact by some evidence will be affirmed on appeal. p. 674.

From Adams Circuit Court; *Richard K. Erwin,* Judge.

Action by Daniel B. Ninde against Richard Klein. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Peterson & Moran* and *Hanna & Geake,* for appellant.
*Lee J. Ninde* and *A. P. Beatty,* for appellee.

MYERS, C. J.—This action was commenced before a justice of the peace. From the justice an appeal was taken to the Allen Circuit Court, and from that court the venue was changed to the court below.

Appellee purchased from appellant, a fur dealer, one Persian lamb fur jacket, for which he paid appellant an

agreed price. It was claimed by appellee that appellant fraudulently represented the quality of the material of which the garment was made, and that, upon a brief use, the jacket was found to be made in part of damaged skins. Whereupon appellee immediately returned it to appellant, and left it in his possession, where it still remains, and demanded the return of the purchase price, which appellant refused.

Upon request the trial court made a special finding of facts and stated conclusions of law thereon.

Appellant's motion for a new trial was overruled, and this ruling and that the court erred in its conclusions of law are the errors assigned.

A rescission of the contract, on the ground of fraud, was a question presented by the issues, and it is insisted by appellant that fraud was not found as a fact. The

1. court found "that defendant was guilty of fraud in making said sale to plaintiff, and in making said contract with plaintiff, and that plaintiff was induced by said fraudulent representations to enter into said contract and to pay his money as aforesaid." Other findings show material representations made by appellant to appellee as an inducement for the latter to purchase the jacket; that such representations were relied on by appellee, and that they were fraudulently and falsely made. The findings are against appellant's contention.

The only other point relied on by appellant is

2. that the findings were not supported by sufficient evidence.

We have carefully read the evidence as presented to us by the record, and, without taking the space to set out a synopsis of it in this opinion, it is sufficient to say that it was all oral, and, in most part, exceedingly conflicting. It is not for this court to settle conflicting testimony. *Seiberling & Co.* v. *Porter* (1905), 165 Ind. 7. Nor will this court disturb the decision of the trial court because of insufficient

evidence, unless the evidence most favorable to apel-
3.   lee, including all legitimate and reasonable infer-
ences which can be deduced therefrom, leaves unsup-
ported an essential fact to sustain the decision of the court
or verdict of the jury.   *Heath* v. *Sheetz* (1905), 164 Ind.
665.

The evidence is amply sufficient to sustain the decision of
the court.   Judgment affirmed.