## FULLER *v.* FULLER.

[No. 7,832. Filed February 19, 1913.]

1. APPEAL.—*Weight of Evidence.—Statutes.*—Where the evidence on which the finding of the trial court rests consists in whole or in part of oral testimony, §698 Burns 1908, Acts 1903 p. 338, providing that in causes not triable by jury, the court on appeal shall weigh the evidence, etc., does not apply, even though the cause was not triable by jury. p. 488.

2. APPEAL.—*Review.—Evidence.—Findings.*—On appeal the court will not weigh conflicting evidence consisting of oral testimony, but will consider only that which is favorable to the finding in determining the sufficiency of the evidence to support same. p. 490.

3. APPEAL.—*Review.—Evidence.—Findings.*—Where there is some evidence to justify a finding of the trial court, such finding is sustained by sufficient evidence. p. 490.

4. PLEADING.—*Complaint.—General Denial.*—The general denial puts in issue every material allegation of the complaint. p. 490.

5. VENDOR AND PURCHASER.—*Vendor's Lien.—Issues.—Evidence.*—In an action to enforce a vendor's lien, the plaintiff, under the

issues formed by the general denial, must prove that the vendee is still indebted for some part of the purchase price. p. 490.

6. EVIDENCE.—*Admissions.*—*Testimony in Another Action.*—Testimony of a party, given in another action, is admissible as an admission. p. 491.

7. APPEAL.—*Review.*—*Objections to Evidence.*—*Availability.*—Objections to evidence, which do not state the grounds on which they are based, are unavailing on appeal. p. 491.

From Fulton Circuit Court; *Enoch Myers*, Special Judge.

Action by Major Fuller against Mary Fuller. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Rowley & Mattice* and *I. Conner*, for appellant.

*Montgomery & Emmons* and *Holman, Stephenson & Bryant*, for appellee.

LAIRY, J.—As disclosed by the record in this case, appellee is the daughter-in-law of appellant, being the widow of his deceased son, Arthur C. Fuller. In the lifetime of Arthur C. Fuller, appellant conveyed to him a farm of eighty acres in Fulton county, Indiana, which was devised by Arthur C. Fuller to appellee. The action was brought by appellant to enforce a vendor's lien against this real estate in the hands of appellee, for $1,400 and interest as the unpaid purchase price of the land.

Appellee filed three paragraphs of answer. The first was a general denial, the second set up the statute of limitations, and the third was an answer of former adjudication. There was a general finding and judgment for appellee. The only error assigned in this court is the action of the trial court in overruling appellant's motion for a new trial.

The first question presented under this assignment relates to the sufficiency of the evidence to sustain the finding. As this is a case not triable by a jury, we are asked

1. by appellant to consider and weigh the evidence given in the cause and to give judgment according to the clear weight of such evidence, as provided by §8 of an act

concerning proceedings in civil cases, approved March 9, 1903 (Acts 1903 p. 338, §698 Burns 1908). It has frequently been decided by this court and the Supreme Court that this statute does not apply to cases where the evidence on which the finding of the trial court rests consists in whole or in part of oral testimony of witnesses delivered at the trial. *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Maitland* v. *Reed* (1906), 37 Ind. App. 469, 77 N. E. 290.

As the evidence in this case consists largely of oral testimony, we are governed by the well-settled rule which forbids a court on appeal to weigh conflicting evidence.

2. We can consider only the evidence favorable to the finding, and if there is some evidence tending to support it in every essential, it must be permitted to stand, regardless of evidence to the contrary. *Klein* v. *Ninde* (1910), 45 Ind. App. 672, 91 N. E. 611; *Schmidt* v. *Zahrndt* (1897), 148 Ind. 447, 47 N. E. 335.

3. There were three issues of fact formed by the pleadings and submitted to the court for trial. If there is some evidence to justify a finding in favor of defendant on any one of these issues, such finding is sustained by sufficient evidence. It seems to be conceded by both parties to this appeal that no evidence was introduced to sustain the second paragraph of answer setting up the statute of limitations. The finding cannot, therefore, rest on this issue. But it is contended by appellee that there is evidence to sustain the finding on both of the other issues tendered by the pleadings.

4. The general denial put in issue every material allegation of the complaint. Under the averments of the complaint, as one of the facts authorizing a recovery,

5. it was necessary for plaintiff to prove by a preponderance of the evidence that Arthur C. Fuller

Fuller *v.* Fuller—52 Ind. App. 488.

at the time of his death was indebted to plaintiff in some amount, as the purchase price of the lands conveyed to Arthur C. Fuller by plaintiff. On this issue the evidence is conflicting, and justifies a finding in favor of defendant.

In view of the conclusions we have reached, we need not consider or decide whether the evidence in the record is sufficient to sustain the answer of former adjudication.

Appellant also complains of the ruling of the trial court in permitting the witness C. K. Bitters, the official court reporter, to testify as to statements made by appellant while testifying in another action to which he was a party. We think that the evidence was admissible as an admission of the plaintiff; but in any event, no available objection to its decision was interposed in the trial court.

6.

An objection to evidence which does not state the grounds on which such objection is based is unavailing. *Russell* v. *Branham* (1846), 8 Blackf. 277; *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98. Objections were made to several questions, but in only one instance was the ground of objection stated, and in that instance the answer was not prejudicial to appellant.

7.

Appellant has presented no error for which the judgment should be reversed.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 869. See, also, under (1, 2, 3) 3 Cyc. 360; (4) 31 Cyc. 687; (5) 39 Cyc. 1868; (6) 16 Cyc. 976; (7) 38 Cyc. 1378. As to extent to which the vendor's lien is recognized in America, see 127 Am. St. 873. As to admissibility of testimony given by party in another action, see 91 Am. St. 193.