## WASMUTH-ENDICOTT COMPANY *v.* RICHMOND CABINET COMPANY.

[No. 12,768.   Filed January 25, 1928.]

1.  APPEAL.—*Statute requiring courts of appeal to weigh the evidence not applicable when oral testimony was given.*—Section 723 Burns 1926, requiring the courts of appeal to weigh the evidence in cases not triable by jury, does not apply to cases where the evidence consisted, in whole or in part, of oral testimony.   p. 694.

2.  APPEAL.—*Appellate tribunal will not weigh conflicting testimony notwithstanding statute to contrary.*—On appeal from a suit in equity by a manufacturer of kitchen cabinets to enjoin infringement of plaintiff's distinctive trade-mark and the simulation of the appearance of plaintiff's product, the court will not decide the case on the weight of the evidence, notwithstanding §723 Burns 1926, where the court's ruling was based on oral conflicting testimony.   p. 694.

3.  APPEAL.—*Court's decision on application for injunctive relief will not be reversed unless abuse of discretion shown.*—In granting or refusing injunctive relief, the courts are called upon to exercise sound judicial discretion, and, upon appeal, the judgment will not be reversed unless there has been an abuse of discretion.   Where there is evidence in the record to support the decision of the trial court, the decree will not be reversed unless the record clearly shows an abuse of discretion. p. 694.

From Wayne Circuit Court; *Gustave H. Hoelscher,* Judge.

Suit by the Wasmuth-Endicott Company against the Richmond Cabinet Company.   From a decree for defendant, the plaintiff appeals.   *Affirmed.*   By the court in banc.

*W. Earl Keisker, James L. Stuart* and *Frank S. Moore,* for appellant.

*Hood & Hahn* and *Will W. Reller,* for appellee.

THOMPSON, J.—This is a suit in equity brought by appellant to restrain appellee from infringing on its trade-mark "Kitchen Maid" as applied to kitchen cabinets, by the use of the words "Lik-A-Maid" or any other simulation of "Kitchen Maid," and to restrain appellee from simulating the distinctive dress and appearance of appellant's kitchen cabinets, and for an accounting of profits and damages arising out of appellee's alleged unlawful acts.

The allegations of the amended complaint are, in substance, as follows: That appellant and appellee are corporations organized and existing under the laws of Indiana and having their places of business respectively in the city of Andrews, Huntington county, and the city of Richmond in Wayne county, and that both corporations are engaged in the manufacture of kitchen cabinets; that, in the construction of its cabinets, appellant has for a long time used a smooth, flat-surface door in place of a panel door, thus giving said cabinets a distinctive appearance; that said smooth, flat-surface door construction is used by appellant for the purpose of giving its cabinets a distinctive and unusual appearance, and that said smooth, flat-surface door has no particular mechanical features or utilities; that said distinctive appearance was used by appellant in advance of all others; that said distinctive appearance and design of said cabinets is easily identified and borne in memory, and suggests the origin of said articles as being in appellant; that cabinets of said design were first offered for sale to the public by appellant on or about July, 1915; that, for the purpose of more completely identifying said cabinets, appellant adopted and applied to them the trade-mark "Kitchen-Maid," and

688    APPELLATE COURT OF INDIANA,

Wasmuth-Endicott Co. *v.* Richmond Cabinet Co.—86 Ind. App. 686.

that appellant's customers and the public generally have come to know appellant's cabinets under said trade-mark or name; that appellant has widely advertised its cabinets of smooth, flat-surface door construction in connection with said trade-mark "Kitchen-Maid," and has thereby acquainted the public with the same and has acquired a widely distributed good will toward its cabinets; that appellee, who is also engaged in the manufacture of kitchen cabinets, knowing and recognizing appellant's rights, agreed not to use appellant's trade-mark or any other mark containing the word "Maid"; that, prior to the commencement of this suit, appellee unnecessarily changed the appearance of its cabinet so as to greatly resemble appellant's cabinets, especially in respect to the smooth-door and flat-surface feature; that appellee, in connection with the sale of its cabinets and in violation of appellant's rights, uses the trade-mark or name "Lik-A-Maid" for the purpose of appropriating to itself the benefits of appellant's good will in its trade-mark "Kitchen-Maid"; that the use of said trade-mark "Lik-A-Maid" on appellee's products, and the similarity in appearance of appellee's cabinets to those of appellant because of the smooth-door and flat-surface construction, operate to deceive and mislead appellant's customers and the public in general into the belief that the goods made by appellee and sold under said mark and dress are in fact the goods of the appellant; that the above mentioned acts of appellee have caused profits to accrue to it which would otherwise have gone to appellant.

Appellee filed answer in three paragraphs, the first of which was a general denial. The second paragraph alleged that at all times mentioned in appellant's amended complaint, and for a long time prior thereto, smooth or flat-surface doors were in common use in the manufacture and sale of kitchen cabinets and other

kinds of furniture; that such style of door had been in common use for so long that it had no distinctive quality which would differentiate the products on which it might be used from products with a different design of doors; that at all times mentioned in the complaint, appellee and appellant were manufacturing and offering for sale kitchen cabinets of a standard and conventional design, common to the kitchen cabinet industry and produced by many manufacturers throughout the United States; that kitchen cabinets have been in general manufacture throughout the United States for many years and long prior to the time when either appellant or appellee was engaged in their manufacture, and that by gradual stages the same have developed until today, and that for several years kitchen cabinets have been, in their general shape and fundamental construction, of the design as shown in the two exhibits attached to the complaint; that manufacturers generally now use and for many years have used such standard design, varying their products from time to time to meet the demands of the trade; that at all times mentioned in the complaint, appellee manufactured cabinets to sell at a much less cost than those of appellant, and that said cabinets appealed to and were saleable to a different class of trade than those manufactured by appellant; that, in the cabinets manufactured by appellee, there have always been a great many features by which said cabinets could be readily distinguished from those of appellant, and that there is no likelihood of an ordinary purchaser being misled in the purchase of cabinets of either appellant or appellee; that the use of smooth, flat-surface doors on appellee's cabinets was not adopted for the purpose of copying appellant's cabinet nor for the purpose of misleading the public or any purchaser of a kitchen cabinet.

VOL. 86—44

Appellee's third paragraph of answer alleges:    That, during the years 1922 and 1923, appellee was engaged in the manufacture and sale of kitchen cabinets having smooth, flat-surface doors; that appellant, during such period, complained to appellee that the use of such doors was a violation of appellant's rights and asked appellee to refrain from using said smooth-door construction on its cabinets; that appellee refused appellant's request and notified appellant that it intended to use the smooth, flat-surface doors on its cabinets whenever it desired; that at various times during the years 1922 and 1923, and continuously since October 30, 1923, appellee has manufactured and sold kitchen cabinets having a smooth, flat-surface door construction, all to the knowledge of and with the acquiescence of appellant; that, until the action herein, which was filed on March 16, 1925, no complaint was made by appellant of appellee's use of smooth doors on its kitchen cabinets after October 30, 1923; that during the year 1922 and thereafter up to the time of the commencement of this action, appellee has sold said smooth-door type of kitchen cabinets, and appellee and appellee's jobbers and dealers handling said products have, at great expense, widely advertised the same; that appellee held out to its trade that it would furnish such cabinets, and that other companies in competition with appellee were manufacturing and selling smooth-door kitchen cabinets; that, at the time this suit was instituted, appellee had on hand a large amount of material adapted for the construction of smooth-door cabinets, and a large amount of printed matter for use in connection with the sale thereof, and had a large number of orders for said smooth-door cabinets; that because of appellant's acquiescence in appellee's manufacture and sale of smooth-door cabinets as aforesaid, and because of appellant's failure to

seek injunctive relief against appellee at an earlier date, said appellant has been guilty of laches, and that it would be unfair to grant appellant the injunctive relief prayed for in its complaint.

There was a reply of general denial to the second and third paragraphs of answer. The court found for the appellee herein, and decreed that appellant take nothing. Appellant's motion for a new trial was overruled.

The alleged errors relied on for reversal are: (1) The action of the court in overruling appellant's motion for a new trial; (2) the action of the court in rendering judgment upon the evidence as presented, in favor of appellee and against appellant. The reasons advanced as grounds for a new trial were that the decision of the court was contrary to law and was not sustained by sufficient evidence.

In this appeal there are two principal questions to be determined, viz.: (1) Should appellee be enjoined from making and using smooth doors in the construction of its kitchen cabinets? (2) should appellee be enjoined from using the trade-mark "Lik-A-Maid" in connection with its kitchen cabinets?

The question of unfair competition in business has been considered in the courts in numerous cases. In the case of *Hartzler* v. *Goshen, etc., Ladder Co.* (1914), 55 Ind. App. 455, 104 N. E. 34, the court, quoting from Cyc on trade-marks, trade-names and unfair competition, said: "Unfair competition consists in passing off or attempting to pass off, upon the public, the goods or business of one person as and for the goods or business of another. It consists essentially in the conduct of a trade or business in such a manner that there is either an express or implied representation to that effect. And it may be stated broadly that any conduct, the natural and probable tendency and effect of which is to

deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition." 38 Cyc 756.

"In order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendant's conduct and led to purchase goods in the belief that they are the goods of plaintiff, or to deal with defendant thinking that he was dealing with the plaintiff. It is sufficient to show that such deception will be the natural and probable result of defendant's acts. But either actual or probable deception and confusion must be shown, for if there is no probability of deception, there is no unfair competition. * * * Actual instances of deception, however, afford the strongest possible proof of the deceptive tendency of defendant's acts, and the presence or absence of such proof is often referred to as reason for granting or withholding relief. As in the case of infringement of another's trade-mark, the true test of unfair competition is whether the acts of defendant are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates. This has been said to include the incautious, unwary, or ignorant purchaser, but not careless purchasers who make no examination." 38 Cyc 773.

"A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival. Owing to the nature of the goods dealt in or the common use of terms which are *publici juris*, some confusion may be inevitable. But anything done which unnecessarily increases this confusion and damage to the trade constitutes unfair competition. The unneces-

sary imitation or adoption of a confusing name, label or dress of goods constitutes unfair competition." 38 Cyc 794.

Both appellant and appellee introduced witnesses who were connected with firms in various parts of the country, all experienced in the kitchen-cabinet business. Some of the testimony was to the effect that the smooth, flat-surface door construction was a distinguishing feature of appellant's cabinets at the time they first went on the market in 1915. Other testimony was to the effect that the same type of door had been used by other manufacturers prior to that time, and, furthermore, that the use of such doors by appellee would not have a tendency to mislead or cause the ordinary purchaser of a kitchen cabinet to believe that he was getting one of appellant's cabinets.

There was also conflicting testimony as to the use of the trade-mark "Lik-A-Maid" by appellee, after its alleged agreement with appellant not to do so.

Appellant insists that this case, being a case in equity triable by the court, should be decided on the weight of the evidence as provided by §8, Acts 1903 p. 338.

In the case of *Randall* v. *Burk Tp.* (1893), 4 S. D. 337, 57 N. W. 4, the court said, in discussing this same question: "This court will not decide the case upon the weight of the evidence, as a trial court may do, but will only reverse a decision of the trial court where there is a clear preponderance of evidence against the decision of the court below. The presumption is in favor of the trial court upon the weight of the evidence, which this court will respect, and therefore it is only when this court finds there is a clear preponderance of evidence against such a decision that the presumption above stated will be overcome."

It has frequently been decided by this court and the

Supreme Court that the above mentioned statute does not apply to cases where the evidence on which 1, 2. the finding of the trial court rests consists, in whole or in part, of oral testimony of witnesses delivered at the trial. See *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Maitland* v. *Reed* (1906), 37 Ind. App. 469, 77 N. E. 290.

In *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 100 N. E. 869, the court said: "As the evidence in this case consists largely of oral testimony, we are governed by the well-settled rule which forbids a court on appeal to weigh conflicting evidence. We can consider only the evidence favorable to the finding, and if there is some evidence tending to support it in every essential, it must be permitted to stand, regardless of evidence to the contrary." See *Klein* v. *Ninde* (1910), 45 Ind. App. 672, 91 N. E. 611; *Schmidt* v. *Zahrndt* (1897), 148 Ind. 447, 47 N. E. 335.

In the case of *Advance Oil Co.* v. *Hunt* (1917), 66 Ind. App. 228, 116 N. E. 340, the court said: "In granting or refusing injunctive relief the courts 3. are called upon to exercise sound judicial discretion, and upon appeal the judgment will not be reversed unless there has been an abuse of such discretion."

We cannot escape the fact that there is evidence in the record to support the decision of the court below, and there is nothing to cause us to believe that the court abused its discretion.

Affirmed.