## BURTON *v.* SPARKS

[No. 16,648.   Filed October 22, 1941.]

*Sylvan W. Tackitt* and *Robert G. Miller,* both of Bloomington, for appellant.

*Register & Register,* of Bloomington, for appellee.

BEDWELL, J.—Appellee, John C. Sparks, was granted a final injunction by the court below perpetually enjoining the appellant, Carl L. Burton, from obstructing or in any way interfering with the use of a certain public highway. The highway in question was alleged to have been established by continuous user by the public for a period of more than forty years, and extended from a farm gate upon the eighty-eight acre improved farm

of appellee, across land of appellant, to a public highway of Monroe County, Indiana, known as the "Buena Vista road."

Appellant, upon appeal, is relying upon the claimed error of the trial court in overruling his motion for a new trial. This motion for a new trial stated two grounds, namely:

    1. The decision of the court is not sustained by sufficient evidence.

    2. The decision of the court is contrary to law.

Numerous witnesses, on behalf of both appellant and appellee, testified at the trial. Their testimony showed that the appellee was the owner of an eighty-eight acre farm located in Indian Creek Township of Monroe County; that he had lived on this farm for forty years; that east of the farm was an improved highway which ran in a general north and south direction and which was known as the Breeden road or Buena Vista road; that the farm of appellee did not abut upon this improved highway, but between the east boundary line of such farm and such highway, was located the land of appellant; and that extending from a farm gate on the east boundary of the land of appellee, across the land of appellant, to the Breeden road or Buena Vista road, was a road which was used by various persons for the purpose of traveling to and from the farm of appellee. The land of appellant was the only land crossed by the same. Appellant had constructed a fence near the east end of the road in question, so that the use of the particular highway for travel to and from appellee's land was prevented.

A number of witnesses testified concerning the user of this particular road, or travel-way, at various times; and there is evidence that it had been used by neighbors and visitors in going to and from the land of appellee

during a period of more than forty years. There is also evidence that there was a public road running along the south side of the land of both appellant and appellee, and that such public road intersected the Breeden or Buena Vista road, and that appellee had a means of ingress and egress to his eighty-eight acre farm over such road. There was also evidence of travel, by neighbors and visitors, to the land of appellee, and across the land of appellant, at places other than the public highway which appellant is alleged to have obstructed.

Appellant does not question the sufficiency of the evidence to show the establishment of the highway in question by continuous user, but he is contending that the evidence was not sufficient to justify the trial court in granting a permanent injunction upon the following grounds:

1. It was incumbent upon appellee to allege and prove that the acts of appellant in interfering with the user of the highway in question would produce great injury to appellee, and that there is no allegation or proof of any damage to appellee.

2. The evidence does not show an injury peculiar to appellee and not common to the public; and if appellee suffered any inconvenience because of the obstruction of the highway in question, he had an adequate legal remedy.

3. That the evidence was not sufficient to definitely locate the highway in question so that its exact location could be ascertained and entered of record.

There is an obvious distinction between injury and damage that is not always observed in dealing with the question of injunctive relief. Whatever invades a man's right of dominion over his property is a legal injury whether damage ensues or not.

It is a right for the violation of which the law imports damage, and courts of equity will interpose in a proper case to protect the right, without any reference to the question of actual damage. It is true that it is not every injury which will warrant the issuance of an injunction. It is a familiar principle that the remedy is available only where the injury is actual or positive and substantial, and is irremediable at law. Equity will not interfere by injunction where the damages suffered by the complainant are so small and the rights invaded so unimportant as to make the case a trivial one, but injury may be great or irreparable as far as a complainant's rights are concerned and yet no provable damage exists. The nonexistence of provable damage does not prevent the interposition of a court of equity and the granting of injunctive relief. The nonexistence of an adequate legal remedy by which the complainant may be fully compensated in damages is not only the foundation, but also an indispensable prerequisite for the exercise by equity of its power to grant injunctive relief. *Warehouse Distributing Corp.* v. *Dixon* (1933), 97 Ind. App. 475, 187 N. E. 217.

In the case of *Ross* v. *Thompson* (1881), 78 Ind. 90, 94, the Supreme Court of this state points out that an individual may have a special right or interest in a public highway upon which his land abuts. In discussing certain instructions given in such cause, the court says:

"The instructions do not declare that an individual can have a private way by prescription in a public highway. They do assert that he may have a special right or interest in a public highway upon which his land abuts. This is good law. A man's interest in a public highway which affords means of getting to or from his land is a right which even the Legislature can not take from him without compensation."

In the case of *Strunk* v. *Pritchett* (1901), 27 Ind. App. 582, 586, 61 N. E. 973, this court considered an action where the appellee sought and obtained an injunction against appellant enjoining him from closing or obstructing a strip of ground sixteen feet wide, averred to be a public alley, and on appeal appellant contended, that granting the strip in question was a public alley, that the appellee must fail for the reason that she had failed to show a special or peculiar damage not sustained by her in common with the general public. This court says:

> "The obstruction complained of not only materially interferes with appellee's access to her real estate but it takes it entirely away, so far as the way in question is concerned. It cannot be said that she can reach the front of her lot by the street, and therefore suffers no injury. If she is entitled to the use of the alley, the existence of a different way at another place cannot deprive her thereof. The special injury necessary to sustain the action is therefore made out."

In the case of *City of Gary* v. *Much* (1913), 180 Ind. 26, 32, 101 N. E. 4, the appellee obtained an injunction enjoining the city from vacating a highway which furnished appellee means of access to his home, although his property did not abut upon such highway. The Supreme Court says:

> "Appellee, in his complaint, shows a special interest in the Clark Road as an appurtenance to his property. The closing of the road would deprive him entirely of access to his home except over the waters of Lake Michigan. The complaint avers a special and peculiar damage not sustained by the general public and such as to entitle him to injunctive relief."

It is plain that the injury suffered by appellee was different in kind from that suffered by the public in general. Appellee was the only property owner whose

means of ingress and egress to his real estate was obstructed or interfered with by the closing of the particular highway. In some degree the closing of such highway interfered with appellee's dominion over and user of his real estate. No other individual was so affected.

Appellant is relying upon the case of *Eads* v. *Kumley* (1918), 67 Ind. App. 361, 370, 119 N. E. 219, where this court held that the complaint of appellee did not state facts sufficient to show that the injury to the complainant was different in kind from that sustained by the public. This court, in such opinion, says:

"Nor does it appear from the complaint that the access to appellees' lands was substantially interfered with. The fact that appellees' lands abutted on the highway is not enough, of itself, to show special damages to appellees, but the obstruction must be upon a part of the highway, the fee in which is owned by the abutting owner, or the obstruction must interfere substantially with access to the abutting land."

There is evidence in this cause from which the trial court could determine that the obstruction of the highway in question substantially interfered with ingress and egress to and from appellee's farm. It was within the province of the trial court to weigh the evidence; and the evidence was such, that we cannot say, as a matter of law, that it does not show a substantial interference with the access to appellee's property and his user thereof. Where there is evidence in the record to support the decision of the trial court, the decree will not be reversed unless the record clearly shows an abuse of discretion. *Wasmuth-Endicott Co.* v. *Richmond Cabinet Co.* (1928), 86 Ind. App. 686, 159 N. E. 697.

Appellant also calls attention to the case of *Eaton* v. *Locke* (1909), 202 Mass. 324, 88 N. E. 838, and *Robin-*

*son* v. *Brown* (1902), 182 Mass. 266, 65 N. E. 377, in which the Supreme Court of such state lays down the general proposition that a person cannot maintain an action for the obstruction of a public highway, unless he proves that he has sustained some special and peculiar damages, different in kind and not merely in degree, from that suffered by the public. With this general proposition we are in agreement, but there was evidence in this cause from which the trial court could find that the appellee suffered injury, which was different in kind, from that suffered by the general public.

Appellant does not cite any authorities or set forth any facts to sustain his contention that the description of the particular highway was insufficient to definitely locate the same.

The trial court did not err in overruling appellant's motion for a new trial.

The death of appellee herein, after the submission of this cause in this court, has been suggested, and the judgment is therefore affirmed as at the term at which submission was made. § 2-3235, Burns' 1933, § 510, Baldwin's 1934.

NOTE.—Reported in 36 N. E. (2d) 962.