STATE OF INDIANA *v.* DIAMOND LANES, INC.

[No. 31,022. Filed December 18, 1968.]

*John J. Dillon,* Attorney General, *Dennis J. Dewey,* Deputy Attorney General, for appellant.

*John L. Carroll, Milford M. Miller,* Evansville, for appellee.

PER CURIAM.—This is an appeal by the state against the appellee wherein the appellee had recovered damages in what is commonly known as an Inverse Condemnation Proceeding. The action was specifically brought pursuant to the Eminent Domain Act of 1905, Burns' § 3-1711 (1968 Repl.), Acts 1905, ch. 48, § 11, p. 59, and the Limited Access Statute of 1945, Burns' § 36-3105 (1949 Repl.) Acts 1945, ch. 245, § 5, p. 1113, to recover damages for the material and substantial impairment of access to and from appellee's real estate as well as other damages, all resulting to the appellee from the construction by the appellant of the Diamond Avenue Limited Access Highway in Evansville, Vanderburgh County, Indiana, in the manner proposed by appellant.

There were three issues, the first, one of law, when the state filed a demurrer to the complaint stating its reason that the court had no jurisdiction of the subject matter of the action. The second issue was formed when the state filed its objections to the appointment of appraisers, and the last and third issue was formed when the state filed its exceptions to the appraisers' report.

The lower court overruled appellant's demurrer to the complaint, after a hearing overruled appellant's motion to strike parts of the complaint, and thereafter appointed appraisers. After trial by jury, a verdict was granted to the appellees in the sum of $32,881.00 for substantial interference or impairment to appellee's access to a traveled avenue, and $716.00 damages to the building, caused by the construction of the highway project; no part of the verdict was for damages to the appellee's parking lot and sidewalks.

The Limited Access Statute of 1945, *supra,* reads as follows:

"For the purposes of this act, such authorities of the state counties, cities, or towns, may acquire private or public property and property rights for limited access facilities and service roads, including rights of access, air, view, and light, by gift, devise, purchase or condemnation in the same manner as is now or hereafter may be provided by law to acquire such property or property rights for the laying out, widening or improvement of highways and streets within their respective jurisdictions. In the acquisition of property or property rights for any limited access facility or portion thereof, or service road in connection therewith, the state, county, city or town, may, in its discretion, acquire an entire lot, block, or tract of land, if by so doing, the interests of the public will be best served, even though said entire lot, block, or tract is not immediately needed for the right-of-way proper but is otherwise useful or necessary in the carrying out of the purposes of this act. The rights of all property owners who may claim damages, as provided by the Constitution of the State of Indiana, are preserved herein and may be enforced under the present laws of the State of Indiana."

The facts briefly were these: Diamond Lanes, Inc., is an Indiana corporation organized in 1958, and formed to own and operate real estate, bowling facilities, cocktail lounge and dining facilities. It purchased the real estate described in the complaint in 1958 and has owned it since. The real estate is on the northwest corner of Diamond Avenue and Highway 41 in Vanderburgh County, and is improved with a single story building of poured concrete reinforced with steel, driveways and parking areas. The building is 86' x 188' in which there is a 24 lane bowling alley, snack bar and dining area operated since 1959. There never has been any access by means of either the north or west property line. Prior to construction of Diamond Avenue expressway, there was one access to Highway 41 at the extreme north edge of the property; also, one access point on Diamond Avenue near the southeast corner of the property and two other access points along Diamond Avenue along the south line.

The appellee's real estate extends 200' to 210' along Diamond Avenue and about 300' along Highway 41. Traffic going to or coming from Diamond Lanes before construction of the new highway could turn in either direction on Highway 41 and either west or east on Diamond Avenue from any of the three access points.

After the construction by the State, one can only travel west on new Diamond Avenue, and one cannot make a turn on Highway 41 and go either north or south on U. S. Highway 41. Coming out of the south side of appellee's property and proceeding west on Diamond Avenue to get to Highway 41 would be in the vicinity of a mile. All access on appellee's south property line is directed exclusively to westbound traffic on Diamond Avenue and no vehicle traveling east on Diamond Avenue can now enter appellee's south property line. Before construction access was to Diamond Avenue in either direction.

The servitude of old Diamond Avenue was changed by the

construction of the new Diamond Avenue limited access highway.

In *State of Indiana* v. *Marion Circuit Court* (1958), 238 Ind. 637, 153 N. E. 2d 327, the state advanced the argument that the "change of grade" cases in Indiana, *Morris* v. *City of Indianapolis* (1911), 177 Ind. 369, 94 N. E. 705, applied to recovery of damages under the Limited Access Statute of 1945, but the Supreme Court dispelled that argument by stating that in none of those cases was there "a change in the servitude or use of the existing highway." The Supreme Court in construing Section 5 of the Limited Access Statute of 1945 said in the same case:

> "It is evident from the Limited Access Statute, *supra*, that it was contemplated the State Highway Commission could thereunder acquire property and property rights for the state, including rights of access by condemnation, gift, devise and purchase, and that the rights of property owners who may claim damages may be enforced under present laws. And, if rights of access are property or property rights which the state may acquire by condemnation, as specified in the Limited Access Statute, it is difficult to see how the acquisition of such rights of access could not constitute a taking of property but only a nebulous or intangible consequential injury giving rise to no claim for damages, as contended by petitioner. In fact, this court in the recent case of *Huff* v. *Indiana State Highway Commission* (1958), 238 Ind. 280, 149 N. E. 2d 299, reiterated the established rule that the owners' right of ingress and egress to a public highway is a property right which may not be taken from him without compensation, citing *Ross* v. *Thompson* (1881), 78 Ind. 90, and *Burton* v. *Sparks* (1941), 109 Ind. App. 531, 36 N. E. 2d 962."

The evidence shows that appellee's access has been both materially and substantially obstructed and reduced. Not only has access point number one (1) to Diamond Avenue (which was used by a majority to two-thirds (2/3) of the bowlers and customers) has been completely eliminated but as appellant admits "After the . . . project was completed, the access to Diamond Avenue was taken and in its place there was sub-

stituted access onto a frontage road . . ." This substituted access can in no way be equated with the former access to Diamond Avenue for on the appellee's abutting forty (40) feet of old Diamond Avenue is now constructed a solid concrete barrier and retaining wall extending for 125' from appellee's west property line requiring vehicular traffic in leaving access point No. 3 to go south from this point to a frontage road, thence turn left (east) for 125' along the barrier wall and to the end of the barrier wall, thence south downhill to the new main traveled portion of new Diamond Avenue, thence turn right (west) on the new pavement, thereby reversing directions. From access point No. 2, a motor vehicle must proceed south out of the parking lot onto the frontage road; downhill across the frontage road, pass the retaining wall, thence turn right (west) onto new Diamond Avenue. To get to Highway 41 from these two access points now requires going approximately one mile farther than before.

There was substantial evidence for the jury to find that appellee's access was substantially and materially impaired and to award damages on the basis that the value of appellee's property had been reduced by the new construction.

In *State* v. *Geiger & Peters, Inc.* (1964), 245 Ind. 143, 196 N. E. 2d 740, the facts are similar to the Diamond Lanes situation. It too was a limited access case. There this court emphatically stated:

"Appellant cannot equate appellee's previous right of access to old Madison Avenue which led to the north and south through the entire City of Indianapolis, with access solely to the narrow dead-end service road which leads nowhere to the north and nowhere to the south except Cavin Street. Whether appellant calls the dead-end service road old Madison Avenue or not, in reality it is not the highway to which appellees previously had access. The injury to appellees is special and peculiar and is different in this case from that sustained by the public at large. The construction work done on old Madison Avenue and

the land immediately west thereof to make a new super highway out of old Madison Avenue and the creating of obstructions and embankments cutting off appellee's right of ingress to and from the highway was a taking of appellee's property rights for which they were entitled to compensation in eminent domain."

The state relies heavily on *State* v. *Ensley* (1960), 240 Ind. 472, 164 N. E. 2d 342, as being very similar in nature and theory to this case. *Ensley, supra,* did not involve the limited access statute. The *Ensley case, supra,* was mainly a "traffic case" where the property owners were claiming a property right in the free and unrestricted flow of traffic passing their premises and which was diminished by the installation of a divider strip in the highway.

See also *State* v. *Hastings* (1965), 246 Ind. 475, 206 N. E. 2d 874.

The *Geiger & Peters* case, *supra,* applies in this instance to the permanent access obstruction and impairment.

As for the verdict of the jury in the sum of $716.00 damages to appellee's building caused by the construction of the highway project, this damage is specifically provided for under Burns' Ind. Stat. Anno. § 3-1706 which provides:

"Fourth. Such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff."

The judgment of the lower court is affirmed.

Jackson, J., concurs in result; DeBruler, J., dissents.

NOTE.—Reported in 242 N. E. 2d 632.