YOUNG AND YOUNG *v.* STATE OF INDIANA.

[No. 568S75. Filed April 15, 1969. Rehearing denied June 4, 1969. Petition to reconsider decision denied July 22, 1969.]

*White, Raub, Reis & Wick,* of Indianapolis, for appellant.

*John J. Dillon,* Former Attorney General, *Murray West,* Deputy Attorney General, *Theodore L. Sendak,* Attorney General, for appellee.

ARTERBURN, J.—This is an inverse condemnation action brought by the appellants Young against appellee for property damage arising from the appellee's alleged taking of appellants' access to property which was located originally on old Madison Avenue in the City of Indianapolis, Indiana.

The property of the appellant Dr. Young and wife was located on the east side abutting Madison Avenue. The State Highway Department, in constructing a new Madison Avenue thoroughfare, purchased land parallel to and west of old Madison Avenue and used approximately half of the old Madison Avenue with the newly purchased tract to build a limited access thoroughfare. In doing so the Highway Department lowered the grade of the new highway approximately 12 feet, leaving however on the old grade or level, one-half of the

old highway (a two-way street) along the frontage of appellants' property, the same being part of the old Madison Avenue. In other words, in front of the appellants' property was old Madison Avenue at the same level and left with two-way traffic. The appellants' property was not left on a cul-de-sac, but there were intersecting streets at both ends of old Madison Avenue, with the appellants' property in between the intersecting streets. The appellants' property was left approximately 12 feet high above the new Madison Avenue, but between the new Madison Avenue and the property remained approximately half of the old Madison Avenue, which was left in its approximate original condition.

A trial was had by jury, which returned a verdict for the appellee, after having found that the appellants had suffered no damages. The appellants contend that the verdict of the jury was too small, and also that the court erred in giving certain erroneous instructions and in the admission of certain evidence.

The only issue tried by the jury was the amount of damages. Under a claim that the verdict as to damages is inadequate, we must first look at the evidence to see if there was any taking of the real estate or substantial rights therein, and if so, the extent thereof, before we can determine whether the verdict is inadequate. If there was no taking of appellants' property or rights in the property, then there could be no damages to which the appellants would be entitled.

This being an inverse condemnation proceeding, the interlocutory order which appointed the appraisers was not appealable as in a direct condemnation proceedings. We have said that there is a reason why a landowner should have a right to question the authority of a condemnor to condemn his land in a direct proceeding and appeal from the interlocutory order, since irreparable damage would otherwise be done to a landowner whose property might be illegally seized or destroyed and he be left only with a money judgment.

". . . On the other hand, there may be logic and reason why the statute does not grant an interlocutory appeal to the public body which has already seized the land and where the defendant is seeking only his compensation, as in this case.

"We point out further that the appellant here is not without remedy, since we have held that where there is no right to appeal from an interlocutory order, the error if any, may be carried over and brought before the court upon an appeal from a final judgment." *Evansville-Van. Levee Auth. Dis. v. Towne Motel, Inc.* (1966), 247 Ind. 161, 163, 213 N. E. 2d 705, 706.

It necessarily follows that to determine whether or not the appellants are entitled to damages we must determine whether or not there is any taking of real estate or the rights in real estate under the factual situation in this case. If there is no taking, there can be no damages, and it follows that the claim that the damages assessed were too small is without merit.

In order to receive compensation in a condemnation action the landowner must show that the injury is special and peculiar to his real estate and not some inconvenience suffered by the public generally.

"It therefore follows that either some physical part of the real estate must be taken from the owner or lessor, or some substantial right attached to the use of the real estate taken before any basis for compensable damage may be obtained by an owner of real estate in an eminent domain proceeding. It must be special and peculiar to the real estate and not some general inconvenience suffered alike by the public." *State v. Jordan et al.* (1966), 247 Ind. 361, 368, 215 N. E. 2d 32, 35.

In the present situation it is admitted that no portion of the real estate for which damages is claimed was taken. We are therefore concerned with whether or not any substantial right in the real estate was taken, or in effect, whether the access to appellants' property was substantially impaired by

reason of the limited access highway being constructed as it was.

In *State v. Ensley* (1960), 240 Ind. 472, 164 N. E. 2d 342 we held that a property owner has no right to the free and unrestricted flow of traffic along his property, and cannot complain where a divider strip is placed in the highway and the traffic thereby diminished. The facts in the case before us, in our opinion, show no damage that the appellants can claim by reason of any change in the traffic along the newly constructed highway or the fact that some of it was diverted from the old highway left in front of appellants' property.

We need not here consider the question of whether appellants would even be entitled to damages as a result of being left on a cul-de-sac or dead-end street. The evidence is that the street upon which appellants' property is located is open at each end by intersecting streets.

We have no showing here that the appellants fall within the principles enunciated in the case of *State v. Geiger & Peters, Inc.* (1964), 245 Ind. 143, 196 N. E. 2d 740. In that case the property owner was left on a dead-end service road and his property was used in such a manner that it was necessary to transport steel beams 90 feet in length. As a result of the building of the limited access highway, the road of ingress and egress was left so narrow and the turn so sharp that his access was materially and substantially impaired. The same statement may be made with reference to *State v. Diamond Lanes, Inc.* (1968), 251 Ind. 520, 242 N. E. 2d 632 and *State v. Hastings* (1965), 246 Ind. 475, 206 N. E. 2d 874, where the use made of the property by the owners before their access was taken, was limited as a result of the construction of the new highway.

Finally, we can find no compensable damage due the appellants by reason of the fact that the grade of the new limited access highway was lowered 12 feet from that of the old Madison Avenue. It is to be noted that this lower-

ing of the grade did not occur along the line of frontage of the appellants' property, but between the point where the grade was lowered and the frontage of appellants' property was an intervening two-way road or street (a part of old Madison Avenue) which remained at its original level along appellants' property.

It is well settled that unless the lowering of the grade of the highway cuts off access to the abutting property, there can be no compensable damages to the property owner. *State v. Ensley, supra; State v. Patten* (1936), 209 Ind. 482, 199 N. E. 577.

From what has been said we find that there has been no taking for which there is any compensable damage payable to the appellants, and therefore the verdict of the jury was not too small in awarding no damages to appellants. There are other questions raised with reference to the giving of instructions relative to damages which become moot as a result of what has been said above.

The judgment of the trial court is affirmed.

Hunter and Givan, JJ., concur.

Jackson, J., concurs in result.

DeBruler, C. J., dissents without opinion.

NOTE.—Reported in 246 N. E. 2d 377.