**Mickey SLOAN, Appellant–Plaintiff,**

**v.**

**TOWN COUNCIL OF the TOWN OF PATOKA, Appellee–Defendant.**

**No. 26A01–0910–CV–506.**

Court of Appeals of Indiana.

Sept. 1, 2010.

Leslie C. Shively, Shively & Associates, P.C., Evansville, IN, Attorney for Appellant.

James G. McDonald, III, Princeton, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Plaintiff, Mickey Sloan (Sloan), appeals the trial court's decision in favor of Appellee–Defendant, the Town Council of the Town of Patoka (Town of Patoka), denying Sloan's claim of inverse condemnation of a certain part of his real estate by the Town of Patoka.

We reverse and remand for further proceedings.

### *ISSUE* [1]

█ Sloan raises one issue on appeal, which we restate as: Whether the trial

---

1. In its brief, the Town of Patoka raises the cross-argument that Sloan's inverse condemnation claim is barred by the Statute of Limitations. Our review of the record establishes

court abused its discretion when it concluded that the Town of Patoka's use of Sloan's property as a public roadway without prior compensation being paid to Sloan or his predecessor in title did not constitute a "taking" under an inverse condemnation theory.

## FACTS AND PROCEDURAL HISTORY

This cause arises from a property dispute between Sloan and the Town of Patoka. Since April of 1982, Sloan has been the owner of certain real estate, commonly known as 205 South Barnes Street, Patoka, Indiana. Sloan's predecessor in title is his mother, who owned the property between 1941 and April of 1982. At all times material to this cause of action, Barnes Street was a public right-of-way maintained by the Town of Patoka and was the sole means of access to Sloan's property.

Over the past several years, Sloan and the Town of Patoka have engaged in an ongoing dispute with respect to the maintenance of Barnes Street. On October 17, 2006, the parties entered into a Mediated Settlement Agreement, agreeing in pertinent part:

1. [The Town of Patoka] agrees to place # 51 rock hard-packed on that portion of South Barnes Street, which is the subject matter of these proceedings, on or before November 15, 2006 or within five (5) days following the date of execution of documents referred to in paragraph three (3), whichever shall occur first.

2. [The Town of Patoka] agrees that on or before November 1, 2008, the [Town of Patoka] shall asphalt pave that por-

tion of South Barnes Street, which is the subject matter of these proceedings and which is currently not paved.

3. [Sloan] shall execute any and all documents necessary to legally legitimize the use of [Sloan's] property that is currently being utilized as the travel portion of South Barnes Street.

(Appellant's App. p. 90). Nevertheless, the Town of Patoka reneged on the terms of this Mediated Settlement Agreement.

After the Town refused to honor its obligations under the settlement, Sloan initiated an investigation into the location of the travelled portion of Barnes Street, adjacent to Sloan's property. The survey of Barnes Street revealed that the public roadway is twelve to fifteen feet wide, of which approximately eight feet encroaches on Sloan's property. Neither Sloan nor his predecessors in title have been compensated for the use of this private property for public purposes.

On March 9, 2007, Sloan filed his Complaint for Declaratory Judgment/Inverse Condemnation seeking "a judgment declaring the actions of the Town of Patoka to be a taking for which [Sloan] is entitled to just compensation[.]" (Appellant's Suppl. App. p. 2). On November 26, 2008, the trial court conducted a bench trial. Thereafter, on May 11, 2009, the trial court entered its findings of fact and conclusions of law holding that no taking had occurred and thus, no inverse condemnation had taken place.

Sloan now appeals. Additional facts will be provided as necessary.

that the Town of Patoka raised this affirmative defense of statute of limitations in its Answer to Sloan's Amended Complaint for Declaratory Judgment for Mandate and Other Relief, filed November 30, 2009—after the trial court had decided Sloan's inverse con-

demnation claim. At no time did the Town of Patoka raise the affirmative defense in Sloan's inverse condemnation cause. Therefore, we find that the Town waived its Statute of Limitations claim.

## DISCUSSION AND DECISION

 Sloan contends that the trial court abused its discretion when it concluded that the Town of Patoka had not taken part of Sloan's private property and thus, his claim of inverse condemnation could not succeed. On the other hand, the Town of Patoka does not contest that part of Barnes Street is located on Sloan's property; however, the Town asserts that "instead of taking Sloan's property, [the Town] maintained for Sloan the access road to his property." (Appellee's Br. p. 5). We review a trial court's finding of a taking for an abuse of discretion. *Town of Georgetown v. Sewell*, 786 N.E.2d 1132, 1138 (Ind.Ct.App.2003). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

 Inverse condemnation is a process provided by statute that allows individuals to be compensated for the loss of property interests taken for public purposes without use of the eminent domain process. *See* Ind.Code § 32-24-1-16. It serves to provide a remedy for a taking of property that would otherwise violate Article 1, Section 21 of the Indiana Constitution, which provides, in relevant part that "No person's property shall be taken by law, without just compensation; nor except in case of the State, without such compensation first assessed and tendered." The owner rather than the condemnor brings the action. *Center Townhouse Corp. v. City of Mishawaka*, 882 N.E.2d 762, 770 (Ind.Ct.App. 2008), *trans. denied.*

 There are two stages in an inverse condemnation action. *Id.* The first stage determines whether a compensable taking has occurred. *Id.* At this stage, the landowner must show that he has a property interest that has been taken for a public use without having been appropriated pursuant to eminent domain laws. *Id.* If the trial court, acting as finder of fact in the first stage, determines that a taking has occurred, the matter proceeds to the second phase, at which the trial court appoints appraisers and damages are assessed. *Id.* The action is not based on tort, but on the constitutional prohibition of the taking of property without just compensation. *Id.*

 A taking by inverse condemnation includes any "substantial interference with private property which destroys or impairs one's free use and enjoyment of the property or one's interest in the property." *Id.* (quoting *Bd. of Comm'rs of Vanderburgh Co. v. Joeckel*, 407 N.E.2d 274, 278 (Ind.Ct.App.1980)). Whether the interference is substantial is a factual question, which must be resolved in each case by the trier of fact. *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1227 (Ind.Ct.App.1999), *trans, denied.* In order to receive compensation in a condemnation action, the landowner must show that the injury is special and peculiar to his real estate and not some inconvenience suffered by the public generally. *Young v. State*, 252 Ind. 131, 246 N.E.2d 377, 379 (1969), *cert. denied* 396 U.S. 1038, 90 S.Ct. 685, 24 L.Ed.2d 683 (1970). One who suffers a "mere inconvenience" likely possesses an extraordinarily weak takings claim. *Biddle v. BAA Indianapolis, LLC*, 860 N.E.2d 570, 580 (Ind.2007).

In the case before us, the record reflects that Barnes Street has existed in its current location at least since 1982. The street is a graveled, public thoroughfare used by the other property owners who own residences on this street. At trial, evidence established that the public roadway is partly "outside of the dedicated easement." (Transcript p. 46). Specifical-

ly, a licensed surveyor hired by the Town of Patoka testified that Barnes Street is twelve to fifteen feet wide, of which approximately eight feet encroaches on Sloan's property. In other words, more than half of the public street is located onto Sloan's private property. Neither Sloan, nor his predecessors in title have been compensated and no eminent domain proceedings had ever been initiated.

We find that an encroachment of eight feet amounts to a substantial interference upon Sloan's property. Reviewing the exhibits admitted at trial, it appears that the roadway encroached over approximately half of Sloan's front yard. Because of the location of the public road onto eight feet of Sloan's private property, we find that the Town of Patoka has destroyed Sloan's free use and enjoyment of this part of his property. Moreover, by placing gravel on Sloan's private property and allowing other property owners on the street to use this part of Barnes Street, the injury is special and peculiar to his real estate and not some inconvenience suffered by the public generally. Therefore, we hold that the Town of Patoka's use of Sloan's property as a public roadway without prior compensation being paid to Sloan or his predecessor in title constitutes a "taking" under an inverse condemnation theory. Thus, we reverse the trial court's conclusion and remand to the trial court to appoint an appraiser and assess damages.

## CONCLUSION

Based on the foregoing, we conclude that the Town of Patoka's use of Sloan's property as a roadway without prior compensation being paid to Sloan or his predecessor in title constitutes a "taking" under an inverse condemnation theory. We remand to the trial court to appoint an appraiser and to assess damages.

Reversed and remanded for further proceedings.

KIRSCH, J., and BAILEY, J., concur.